In the Matter of MICHAEL URDIANYK, an Infant. MARIE URDIANYK, Individually and as Mother, Appellant. ONONDAGA DEPARTMENT OF SOCIAL WELFARE, Respondent.

Fourth Department, January 19, 1967.

*Edmund B. Tyminski* for appellant.

*Eli Gingold, County Attorney* (*Thomas A. Boyle* of counsel), for respondent.

*Frank J. Micale,* Law Guardian of Michael Urdianyk.

*Per Curiam.* The order appealed from must be reversed for failure to comply with the procedure set forth in section 347 of the Family Court Act. In a proceeding of this nature the court is required first to hold a " fact-finding hearing " upon the charge of neglect and to make specific findings thereafter. If the evidence supports the allegations of the petition the court must, as soon as possible, proceed with the " dispositional hearing " at which time it may use reports prepared by the probation service or duly authorized agency to determine whether judgment should be suspended, whether the child should be discharged in the custody of his parents under supervision of the probation service, whether a protection order should be issued or whether placement of the child in the care and control of an agency or individual other than the parent should be made. Only in grave and urgent circumstances should the latter alternative be selected. Article 3 of the Family Court Act, regarding neglect proceedings, contemplates a continuation of the child with a parent, with appropriate regulation of the home to assure that the child's care and upbringing shall be proper. Such regulation may well include participation by an agency qualified to render assistance and supervision.

The present record discloses that a possible major cause of the failure to remedy the home situation stems from a lack of communication and understanding between the mother, whose love and affection for her son are undisputable but who does not speak English, and the caseworker assigned by the Department of Social Welfare, who does not converse in the mother's native tongue. The department did nothing to correct this situation and the court also did nothing at the hearings to overcome the language barrier and bring about a program of co-operation between the mother and the Welfare Department. Instead, it placed the child in the custody of the Welfare Department by which it was institutionalized, apparently influenced by a diagnosis of mental illness on the part of the mother, which diagnosis was based on an examination some nine months prior to the hearing and resulted from the mother's answers to questions which were received through an interpreter who was described as " very poor ". The court apparently gave no consideration to maintaining the child in the home with care to be provided there by the Welfare Department during the hours the mother

was at work and subject to conditions to be imposed on the mother — with her full understanding — which would provide a normal upbringing for the child.

Neither did the court respect section 349 of the Family Court Act, which requires that priority be given to hearings in neglect proceedings in which the child has been taken from the parent. Here, the child was removed from his home on August 31, 1965; nine months later on June 6, 1966 the hearing was commenced but not completed until July 27, after evidence had been received in four separate sessions, namely, on June 6, June 10, July 1 and July 27. Such delay is inordinate. Furthermore, the final order finding neglect and ordering placement was not made until August 10, 1966, when a habeas corpus proceeding was threatened, without making findings and without holding a dispositional hearing.

Findings of fact should be made on the issue of neglect and, if found, a dispositional hearing should be had at which the court should inquire particularly into the mental health of the mother and her capability to have supervised care of the child and into the child's mental capacity with a view to providing special training for the child if the need is indicated. The inquiries should be based upon up to date examinations and investigations so that a disposition appropriate to present conditions may be made.

Pending the proceedings herein directed, the child will remain at the House of Providence.

For the reasons stated, the order of Onondaga County Family Court should be reversed and the matter remitted to that court for further proceedings in accordance with this opinion.

Bastow, J. P., Goldman, Del Vecchio and Marsh, JJ., concur.

Order unanimously reversed and matter remitted to Onondaga County Family Court for further proceedings in accordance with the opinion.