■ In the Matter of DEBRA VV and Others, Children Alleged to be Neglected. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LOUISE YY, Appellant.—Appeal from an order of the Family Court of St. Lawrence County, entered September 15, 1975, which ordered the placement of three infant children of appellant with the Department of Social Services of St. Lawrence County and directed that said children be placed in foster care homes and, further, continued the placement of two other children with the department of social services, said two children having been previously so placed. This proceeding for the removal of three infant children from the care of the appellant mother, their custody heretofore having been granted to the St. Lawrence Department of Social Services with the children being left with the mother pursuant to an order based on consent, was commenced pursuant to petition by the department of social services. A hearing was held and the Family Court, in a written opinion, · determined that the three children be removed from appellant's care and be suitably placed in foster care. An order was entered accordingly. The order must be reversed and the matter remitted to Family Court for further proceedings in accordance with the provisions of article 10 of the Family Court Act. An order of the Family Court in a neglected child proceeding where the court fails to comply with part 4 of article 10, specifically sections 1044, 1045 and 1046, must be reversed. Section 1044 of the Family Court Act, derived from *section 344 of former article 3* of said Act, requires a "fact-finding hearing" before a "dispositional hearing" can be held to determine what order of disposition should be made. (Family Ct. Act, § 1045.) That the Legislature intended to prepetuate in article 10 of the Family Court Act (added by L 1970, ch 962, § 9, eff May 1, 1970) the requirement of former article 3 of the said act that a "fact-finding hearing" be held immediately preceding a "dispositional hearing" is evidenced by section 1047 of article 10 entitled "Sequence of hearings". Subdivision (a) of that section provides that "Upon completion of the fact-finding hearing the dispositional hearing may commence immediately after the required findings are made." Herein, on April 25, 1972, a stipulation was entered into between the mother of the infant children and the department of social services whereby a neglect petition filed against the mother was settled *without a finding of neglect* and whereby custody of all the children was given to the commissioner of the department of social services but the physical presence of the children was given to their mother. Extensions of placement were thereafter granted periodically. On April 24, 1975, three years after the afore-described stipulation, the petition on behalf of the department of social services, initiating the instant proceeding, was filed to modify the order entered upon the stipulation. The court, because of the length of time between the order and petition, ordered a hearing to be held to determine whether the children should be removed from the mother and placed in foster care. The court, in opening the hearing, recited into the record that "This case comes to Court on a petition for modification of the previous order of disposition of this Court under Article 10 of the Family Court Act." The court in its decision of September 15, 1975, stated "The case is at the dispostitional stage of an Article 10 proceeding." Clearly, the order of April 25, 1972 was not an order of disposition under article 10 of the

Family Court Act. Such an order can only follow a "dispositional hearing". No such hearing was held prior to the order of April 25, 1972. Equally clear is that the subject hearing conducted on July 24 and 25, 1975, resulting in the order appealed from, was not a "dispositional hearing" pursuant to section 1045 of the Family Court Act. In fact, upon this record, it is abundantly clear that no "fact-finding hearing" has ever been held. The characterization of the hearing that was conducted as being "dispositional" in nature does not make it so. Article 10 of the Family Court Act makes it clear that a "fact-finding hearing" must be held on the issue of neglect, as raised by the petition, and findings of fact should be made. If such findings support the allegations of the petition, a "dispositional hearing" should be had wherein the court should inquire into the capacities of the parent to properly supervise the children, and such inquiry should be based upon up-to-date examinations and investigations so that a dispositional order appropriate to present conditions may be made. *(Matter of Urdianyk [Onondaga Dept. of Soc. Welfare], 27 AD2d 122.)* Lastly, modification of a dispositional order, when one in fact exists, should be by motion and not by petition. (Family Ct Act, § 1061.) Pending the proceedings herein directed, the children will remain in the custodial care of the Department of Social Services of St. Lawrence County. Order reversed, on the law and the facts, without costs, and matter remitted to the St. Lawrence County Family Court for further proceedings in accordance herewith. Sweeney, J. P., Kane, Mahoney, Main and Reynolds, JJ., concur.