In the Matter of JOSEPH HOFBAUER, a Child Alleged to be Neglected. SARATOGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROBERT P. WHALEN, as Commissioner of Health of the State of New York, et al., Intervenors-Appellants; JOHN HOFBAUER et al., Respondents.

Third Department, June 5, 1978

## APPEARANCES OF COUNSEL

*Louis J. Lefkowitz,* Attorney-General (*Douglas K. McGivney* and *Ruth Kessler Toch* of counsel), for intervenors-appellants.

*Francis E. Dorsey* for Saratoga County Department of Social Services, respondent.

*Di Fabio & Couch* for John Hofbauer and others, respondents.

*Courtenay Hall,* Law Guardian.

### OPINION OF THE COURT

*Per Curiam.*

This highly emotional, controversial and grave matter has been continually in the courts since last November. At that time, pursuant to article 10 of the Family Court Act, the Saratoga County Department of Social Services filed a petition alleging that Joseph Hofbauer was a neglected child. Specifically, it was alleged that his parents failed to have Joseph treated by conventional therapy after it was learned that he was suffering from Hodgkin's disease. Pursuant to section 1027 of the Family Court Act, the child was temporarily placed in the care and custody of the Saratoga County Commissioner of Social Services and admitted to St. Peter's Hospital for diagnostic tests. The parents, pursuant to section 1028 of the Family Court Act, applied for the return of the child and at a hearing produced two doctors, Dr. Philip Binzel and Dr. Michael Schachter, who testified, in substance, that nutritional therapy, including Laetrile, could be a proper treatment for Hodgkin's disease. Dr. Schachter also testified that, in his opinion, radiation and chemotherapy in general are detrimental to the patient. Thereafter, a stipulation was agreed to by all the then parties which, among other things, provided that Joseph was to come under the care of Dr. Schachter and if he recommended conventional therapy, the parents were bound by that recommendation. The stipulation also provided for periodic medical reports to the court. The stipulation suspended the proceeding for a period of six months. This period expires June 9, 1978.

On March 30, 1978 this court reversed an order of the Saratoga County Family Court which denied the requests of the State Commissioner of Health and the State Department of Social Services to intervene and become parties to the

proceeding. Thereafter, the intervenors-appellants applied to vacate the stipulation and for a hearing pursuant to article 10 of the Family Court Act, together with other relief, most of which was denied by the Family Court by order dated April 24, 1978. It is from this order of denial that the intervenors-appellants appeal.

The issue before us is whether the Family Court should have vacated the stipulation and order as requested by the intervenors-appellants. The Family Court has the authority for good cause shown to stay, modify, set aside or vacate any order (Family Ct Act, § 1061). The issue, therefore, narrows to whether or not the intervenors-appellants have shown "good cause". This necessitates an examination of the various affidavits submitted by the physicians who examined the child and other medical reports in the record. Such examination reveals that there is a sharp conflict in medical opinion. The proof submitted by the intervenors-appellants concludes that nutritional therapy, including Laetrile, is worthless and that the disease is progressing. The proof submitted by the parents concludes that the disease is not progressing and the nutritional therapy is the preferred treatment, but would consider the more conventional therapy if there is no improvement in their son's condition. In view of this conflict in the medical opinions and the fact that the Family Court has been close to the situation for some time, together with the fast approaching termination date of the stipulation, we are to affirm.

In view of the seriousness of this matter, together with the history of the litigation, however, this court is of the opinion that there must be an immediate and speedy disposition on the merits. Accordingly, on June 9, the date of the expiration of the stipulation, we direct that the court proceed with the requisite "fact-finding" and dispositional hearings (Family Ct Act, § 1047; see *Matter of Debra VV,* 52 AD2d 960). These hearings should concern the present health of the child.

The order should be affirmed, without costs; the matter should be remitted for further proceedings not inconsistent herewith.

MAHONEY, P. J., SWEENEY, KANE, STALEY, JR., and LARKIN, JJ., concur.

Order affirmed, without costs; matter remitted for further proceedings not inconsistent herewith.