■ In the Matter of MARSHA B. F., a Child Alleged to be Neglected. THEODORE F., Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent.

On this record, we agree that the failure to hold a dispositional hearing was error and requires reversal (*see,* Family Ct Act § 1052; *Matter of Debra VV.,* 52 AD2d 960, 961; *Matter of Debbie W.,* 81 AD2d 642, 643). We recently had occasion to comment with respect to the court's obligation in child protective proceedings to hold a fact-finding hearing and thereafter set forth the grounds for a finding that the child had been abused or neglected (*Matter of Valerie Leonice T.,* 107 AD2d 327). The statute requires that there be two hearings: (1) a fact-finding hearing on the issue of neglect; (2) following that hearing, there must be a dispositional hearing "wherein the court should inquire into the capacities of the parent to properly supervise the children, and such inquiry should be based upon up-to-date examinations and investigations so that a dispositional order appropriate to present conditions may be made." (*Matter of Debra VV.,* 52 AD2d, at p 961.) Of paramount importance are the best interests and welfare of the children.

Here, following the fact-finding hearing, a dispositional hearing was held, at which the court received no evidence and no witnesses were called to testify. The failure to hold a proper dispositional hearing is dispositive and requires remand of the matter to the Family Court to conduct a full dispositional hearing, sufficient to permit the court to make a reasoned decision as to the father's present capability to care for the children (*see, Matter of Debra VV., supra; Matter of Nassar v Santmire,* 99 AD2d 377; *Matter of Carmen,* 37 AD2d 629).

The Commissioner contends that a remand would be unnecessary here since the initial placement period has expired and an extension of placement hearing has been scheduled. We disagree. This is not a proper or adequate substitute for the required dispositional hearing which was never held. Moreover, the considerations and ultimate determination at each are different and should be fully and timely developed at the appropriate stage, as required by the statute. Concur — Murphy, P. J., Ross, Carro and Kassal, JJ.