In the Matter of FAITH AA., a Child Alleged to be Abused and Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MICHELLE AA. et al., Appellants.

Third Department, July 7, 1988

## APPEARANCES OF COUNSEL

*Margaret A. Beers-Schnock* for Michelle AA., appellant.

*Anna K. Holmberg* for John BB., appellant.

## OPINION OF THE COURT

KANE, J. P.

At dispute in this appeal is whether Family Court, after holding a fact-finding hearing, properly determined that respondent Michelle AA. had neglected her minor daughter and that respondent John BB., Michelle's live-in boyfriend, had sexually abused the child. Initially, John contends that he was not subject to the court's jurisdiction because the petition alleging abuse failed to state when such acts occurred and that he was not a "person responsible * * * at the relevant time" for the child's care, as provided for in Family Court Act § 1012 (g). This contention is without merit.

Family Court Act § 1012 (g) specifically defines a person legally responsible as including: "the child's custodian, guardian, [and] any other person responsible for the child's care at the relevant time. Custodian may include any person continually or at regular intervals found in the same household as the child." The primary effect of this provision has been "to authorize child protective petitions against paramours" (Besharov, 1985 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1012 [1988 Pocket Part], at 47). Here, the record is replete with evidence that John was a regular member of the child's household at all relevant times and that he was a "legally responsible" person under the terms of the statute. The fact that the petition itself did not state the specific dates that the alleged abusive acts occurred did not render it jurisdictionally defective insofar as the evidence clearly supported a finding of John's presence in the household at the relevant times. He was therefore properly subject to Family Court's jurisdiction.

■ Nor do we accept the claim that the evidence was insufficient to support the conclusion that the child was sexually abused. In support of this claim, the argument is made that Wendy Hovey, a certified social worker, was unqualified to testify as an expert. However, her credentials and experience clearly qualified her to testify in such a capacity. Her testimony also corroborated the child's out-of-court statements and was supplemented by additional corroboration of other witnesses' testimony (cf., Matter of E. M., 137 Misc 2d 197, 204). She also properly set forth her methodology in interviewing the child and adequately articulated her conclusions based on that methodology (see, Matter of Nicole V., 123 AD2d 97, 108, affd 71 NY2d 112; see also, Matter of E. M., supra, at 204). Furthermore, based on Hovey's conclusions and the testimony of the other witnesses at the hearing, the finding that the child was sexually abused was also supported by a preponderance of the evidence.

As to John's claim that the evidence failed to identify him as the abuser, it has been noted that: "It is not necessary that specific evidence, outside of the child's statement, exist as to the identity of the abuser, as long as the totality of the evidence provides strong confirmation of the credibility of the child's statements concerning commission of the act and the identity of the abuser" (Matter of Nicole V., supra, at 105). These requirements were satisfied in this case. The child consistently identified John by his first name, clearly detailed

the abusive acts and did not vary her story when asked to repeat it. Additionally, Hovey's conclusions based on observing the child supported the child's statements.

■ The evidence also clearly supported the Family Court's finding of neglect on Michelle's part. Neglect may include a failure to properly supervise "by unreasonably inflicting or allowing to be inflicted harm" (Family Ct Act § 1012 [f] [i] [B]). In deciding whether a parent has allowed a child to be abused, the question is if a reasonable and prudent parent would have acted, or not acted, under the circumstances *(Matter of Scott G.,* 124 AD2d 928, 929). The testimony in the instant case supported a finding that Michelle was aware that the child was being sexually abused. Furthermore, there is evidence of only one occasion of Michelle's taking any responsibility for the care of the child, i.e., when she took her to see the doctor 2½ years prior to the filing of the neglect petition, before John began residing with Michelle. Therefore, Michelle could not rely on the doctor's statement of lack of sexual abuse. Family Court thus properly found that Michelle failed to exercise a minimum degree of care and that she had neglected her child.

A petition was also filed against the child's father but was dismissed by Family Court subsequent to the fact-finding hearing upon petitioner's application to withdraw that petition. It specifically made no determination of the merits. Moreover, based on the evidence presented to the court with respect to the father, we find no error in the dismissal of the petition at the conclusion of the hearing *(see,* Family Ct Act § 1051 [c]; *cf., Matter of Rhonda T.,* 99 AD2d 758).

■ However, we do find that Family Court improperly fashioned its dispositional hearing on the stipulation of the parties to waive testimony. Family Court Act § 1052 (b) specifically provides that "[t]he order of the court shall state the grounds for any disposition made under this section". During a dispositional hearing, a court should inquire into the capacity of the relevant parties to properly supervise the child and the inquiry should be based on current examinations, investigations and information so that the order is appropriate to present conditions *(Matter of Marsha B.F.,* 110 AD2d 549, 550; *Matter of Debra VV.,* 52 AD2d 960). Here, no such inquiry was made and no testimony was taken. Further, the court failed to state the grounds for its order of disposition. Accordingly, we remit the matter to Family Court for a proper dispositional hearing *(see, Matter of Debbie W.,* 81 AD2d 642, 643). Pending

that hearing, the child should remain in the custody of her father, as directed in an interim order by Family Court. We have reviewed the remaining contentions of Michelle and John and find them lacking in merit.

■ One final matter in this case, however, warrants discussion. On this appeal, petitioner's counsel, a private attorney retained by the County of Tompkins, has failed to submit an answering brief. Numerous attempts by this court to ascertain if and when a brief would be filed have gone unanswered. We take this opportunity to advise the Bar that in the future, the failure to file a brief, or at least advise this court of an answering party's position on appeal, may be considered tantamount to a concession that the relief sought on appeal should be granted. We note that in this case the office of the County Attorney may not have been aware of the existing circumstances, but we suggest that, in any event, if outside counsel is retained, the progress of an appeal should be monitored by the office sharing responsibility for the course of the litigation.

MIKOLL, YESAWICH, JR., HARVEY and MERCURE, JJ., concur.

Order modified, on the law, without costs, by reversing so much thereof as concerned the disposition of the child; matter remitted to the Family Court of Tompkins County for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed.