In the Matter of STASIA LEMNER, an Infant. CAROL A. LEMNER, Appellant; JOHN F. LEMNER, Respondent.—Yesawich Jr., J.

Petitioner seeks modification of an order of Surrogate's Court which granted her joint guardianship with respondent, her ex-husband, over their profoundly mentally retarded daughter, Stasia, and required court approval prior to any major nonemergency medical decisions (see, Public Health Law § 2504 [4]; *Matter of Nemser,* 51 Misc 2d 616, 622). Petitioner sought to be appointed sole guardian with respondent as alternate standby guardian (see, SCPA 1757) on the ground that "[t]here exists a long history of animosity and a failure to cooperate and communicate between [her and respondent]" making joint guardianship "inappropriate and not in the best interest of Stasia". This was confirmed by a staff attorney for the Mental Hygiene Legal Service for the Third Judicial Department (hereinafter MHLS) in her response to the original application for joint guardianship (see, SCPA 1754 [4]); however, the staff attorney's affirmation also indicates "that both parents show an active interest in [Stasia's] well-being" and MHLS did not oppose the appointment provided that "Stasia * * * and/or person having standing under [SCPA article 17-A] may object to medical procedures and in such event the consent of the guardian to such procedure shall be subject to approval by the court prior to giving any such medical treatment".

In her petition for modification, petitioner further alleged

that respondent has resided in Minnesota since 1985, whereas she lives approximately 10 minutes from Wilton Developmental Center in Saratoga County where Stasia lives and is actively involved in decision making and caring for Stasia. Noting that there was nothing new or additional in the petition for modification which would cause it to change its prior order, Surrogate's Court denied the petition without a hearing. Petitioner appeals. There is no indication in the record that respondent was served with notice of the current petition (see, SCPA 1753) or was otherwise made aware of its existence; hence we draw no conclusion from his lack of participation in the current proceeding (cf., Matter of Faith AA., 139 AD2d 22, 26).

We hold the view that Surrogate's Court erred in denying the application for modification of guardianship without a hearing. SCPA 1759 (2) unambiguously requires the court to conduct a hearing upon a petition for review pursuant to SCPA 1754 (see, 2B Warren's Heaton, Surrogate's Courts § 216-F [1] [b], at 58; see also, Matter of Roosevelt Raceway v Monaghan, 9 NY2d 293, 304, appeal dismissed 368 US 12). Under SCPA 1754, that hearing may be dispensed with only with the approval of the subject's parents unless the court finds that the parents have abandoned the subject of the petition, in which event their consent is unnecessary (see, Mem from Cesar A. Perales to Evan A. Davis, ¶ 1 [b], [c], [e], Governor's Bill Jacket, L 1989, ch 675); Surrogate's Court made no such finding here.

Although SCPA 1755 gives Surrogate's Court discretion to appoint a guardian ad litem "in order to protect the mentally retarded * * * person's * * * personal interests" and to "so modify the guardianship order" without a hearing (see, Turano, Practice Commentary, McKinney's Cons Laws of NY, Book 58A, SCPA 1725 [1992 Pocket Part], at 26; Mem of Commn on Quality of Care for Mentally Disabled, 1989 McKinney's Session Laws of NY, at 2245, 2246), it does not nullify the requirement of SCPA 1759 (2) that a hearing be held upon a petition, as here, which seeks modification from joint to sole guardianship (see, Matter of Albano v Kirby, 36 NY2d 526, 530). And, given the circumstances described in petitioner's letter of April 4, 1991 to Surrogate's Court regarding her and respondent's inability to agree with respect to Stasia's medical treatment and the concern expressed in the MHLS staff attorney's affirmation regarding the difficult relationship between petitioner and respondent, requiring that a hearing be held to determine whether joint custody is in

Stasia's best interest *(see, Matter of Stuart,* 280 NY 245, 250) and is consistent with the spirit, purpose and objectives of SCPA article 17-A, namely, to protect the interests and rights of the mentally retarded or developmentally disabled person.

Mikoll, Levine, Crew III and Casey, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Surrogate's Court of Saratoga County for further proceedings not inconsistent with this court's decision.