■ In the Matter of BRIAN W. and Another, Children Alleged to be Abused. [606 NYS2d 105] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Erie County Family Court for further proceedings in accordance with the following Memorandum: We reject respondent's contention that Family Court erred in receiving validation testimony from Dr. Bernstein as corroboration for the children's out-of-court statements of sexual abuse. Family Court's exercise of discretion in accepting the qualifications of the witness as an expert in the field of child sexual abuse "is not open to review unless in deciding the question the trial court has made a serious mistake or committed an error of law or has abused his discretion" (Meiselman v Crown Hgts. Hosp., 285 NY 389, 398-399; see, Fisch, New York Evidence § 428 [2d ed]). We find no error or abuse of discretion in the court's decision that the witness possessed "the requisite skill, training, education, knowledge or experience" (Matott v Ward, 48 NY2d 455, 459).

Although the record supports Family Court's finding of fact that respondent had sexually abused his children, the court erred in failing to hold a dispositional hearing, pursuant to Family Court Act §§ 1047, 1048 and 1052, before directing that the children be placed under the supervision of the Erie County Department of Social Services. Respondent's waiver of his presence when the adjudication was made and the statement of his attorney, when asked if he was prepared for a dispositional hearing, that respondent "doesn't want any further delays", did not obviate the necessity of holding a dispositional hearing (cf., Family Ct Act § 625 [a]). A final disposition should not have been made until the court had conducted an appropriate inquiry into the necessary and relevant facts, including current evaluations of the parents and the children and plans for rehabilitative services (see, Matter of John G., 89 AD2d 704; Matter of Toni "WW", 52 AD2d 108). Evidence bearing upon the conduct of the parents after commencement of the abuse proceedings should have been obtained, as well as evidence dealing with the best interests of the children (see, Matter of Darlene T., 28 NY2d 391; Matter of Nassar v Santmire, 99 AD2d 377; Matter of Urdianyk, 27 AD2d 122). It was not enough for the court to announce that it was proceeding with a dispositional hearing and then fail to hold one. Although not raised by respondent, a full hearing was required and Family Court's failure to hold one requires a

remittal for that purpose *(see, Matter of Casondra W.,* 184 AD2d 1070; *Matter of Marsha B. F.,* 110 AD2d 549).

We have examined respondent's other contentions and find them to be without merit.

We, therefore, vacate so much of the order as places the children under the supervision of the Erie County Department of Social Services. Pending the dispositional hearing, the children may continue in the custody of their mother under the supervision of the Erie County Department of Social Services. (Appeal from Order of Erie County Family Court, Dillon, J.—Sexual Abuse.) Present—Denman, P. J., Callahan, Pine, Doerr and Boehm, JJ.