■ JEAN W. PEEK, Respondent-Appellant, v WILLIAMSVILLE BOARD OF EDUCATION, Also Known as WILLIAMSVILLE SCHOOL

BOARD, et al., Appellants-Respondents. [668 NYS2d 539] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff, a former coordinator of the language arts program at defendant school district, commenced the instant action seeking damages and reinstatement to his former position. He asserted four causes of action, for breach of contract, defamation and violations of plaintiff's statutory tenure rights and plaintiff's civil and constitutional rights under Federal and State law. Based upon plaintiff's failure to comply with the notice of claim requirements of the General Municipal Law and Education Law, this Court previously dismissed the first and third causes of action insofar as they alleged violations of plaintiff's statutory rights of tenure and civil and constitutional rights under State law, and dismissed the breach of contract and defamation causes of action in their entirety (*Peek v Williamsville Bd. of Educ.*, 221 AD2d 919, 921).

Defendants moved for summary judgment dismissing the remainder of the complaint and plaintiff cross-moved for partial summary judgment on liability. Supreme Court properly denied the cross motion, but erred in denying defendants' motion. Defendants established their entitlement to judgment dismissing plaintiff's age discrimination claims under the Age Discrimination in Employment Act based upon plaintiff's failure to file a timely claim with the Equal Employment Opportunity Commission (*see*, 29 USC § 626 [d]; *Zombro v Baltimore City Police Dept.*, 868 F2d 1364, 1366, *cert denied* 493 US 850). In addition, defendants submitted evidentiary proof in admissible form demonstrating that the remaining portions of the first and third causes of action, alleging violations of plaintiff's civil and constitutional rights under Federal law, have no merit (*see*, CPLR 3212 [b]). Plaintiff failed to produce evidentiary proof in admissible form sufficient to establish the existence of triable issues of fact (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). We therefore modify the order by granting defendants' motion for summary judgment dismissing the complaint. (Appeals from Order of Supreme Court, Erie County, Sedita, Jr., J.—Summary Judgment.) Present—Green, J. P., Lawton, Wisner, Callahan and Fallon, JJ.