In the Matter of RASYN W., a Child Alleged to be Permanently Neglected. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BRENDA W., Appellant. [678 NYS2d 176] —Order unanimously modified, on the law, and, as modified, affirmed without costs and matter remitted to Erie County Family Court for further proceedings in accordance with the following Memorandum: Respondent appeals from an order of disposition adjudicating her child to be permanently neglected, terminating her parental rights and committing the child to the guardianship and custody of petitioner. Family Court properly found that the child is permanently neglected. Petitioner established by clear and convincing evidence that it made diligent efforts to reunite the family. It developed a multifaceted program, including parenting and domestic violence counseling and substance abuse treatment and counseling, designed to help respondent overcome those problems that prevent the return of the child to her care (*see, Matter of Star Leslie W.,* 63 NY2d 136, 142; *Matter of Justin F.,* 247 AD2d 924; *Matter of Paul B.,* 247 AD2d 920). Although respondent participated in some parts of the program, she failed to address or mitigate on a consistent basis the problems preventing the return of the child and thus failed to plan for the future of the child (*see, Matter of Michelle F.,* 222 AD2d 747, 749; *Matter of S. Children,* 210 AD2d 175, *lv denied* 85 NY2d 807; *Matter of Sonia H.,* 177 AD2d 575, 577).

The court erred, however, in terminating respondent's parental rights without conducting a dispositional hearing and in making its disposition based on evidence presented at the fact-finding hearing. Respondent stated that she needed additional time to obtain proof for the dispositional hearing. The court stated that the dispositional hearing could be held either on May 1, 1997, when counsel for respondent could not be present, or immediately upon conclusion of the fact-finding hear-

ing. By electing not to testify at the conclusion of the fact-finding hearing, respondent did not thereby waive her right to a hearing and consent to a disposition based on evidence presented at the fact-finding hearing (*see, Matter of Orange County Dept. of Social Servs. [Edward L.]*, 250 AD2d 853; *Matter of Kelly G.*, 244 AD2d 709; *Matter of Brian W.*, 199 AD2d 1021, *appeal dismissed* 83 NY2d 952, 85 NY2d 923, *lv denied* 86 NY2d 711). Moreover, the court refused to allow respondent to examine witnesses during the fact-finding hearing on matters relevant to the dispositional phase. Thus, we modify the order by vacating the second and third ordering paragraphs, and we remit the matter to Erie County Family Court for a dispositional hearing to determine whether termination of respondent's parental rights is in the best interests of the child (*see, Matter of Kelly G., supra; Matter of Brian W., supra*). (Appeal from Order of Erie County Family Court, Mix, J.—Terminate Parental Rights.) Present—Green, J. P., Lawton, Callahan, Balio and Fallon, JJ.