■ In the Matter of PAIGE M. J., a Child Alleged to be Permanently Neglected. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROGER R., Appellant. [684 NYS2d 123] —Order unanimously affirmed without costs. Memorandum: Respondent appeals from an order of disposition adjudicating his child to be permanently neglected, terminating his parental rights and committing the child to the guardianship and custody of petitioner for purposes of adoptive placement.

The child who is the subject of this proceeding came into petitioner's care on April 19, 1993, when she was less than three months old. The mother's parental rights were permanently terminated on October 2, 1995. Respondent, who has been continuously incarcerated since five months before the child's birth, was adjudicated the child's father on June 7,

1995. Respondent's parole release date is May 2007. The child visited respondent approximately seven times at Attica, but the visits ceased in July 1996 because the child was reluctant to visit. After paternity was adjudicated, petitioner encouraged respondent to plan for the child's future, but respondent was unable to identify any relative who was able to care for the child, and his only plan was to suggest a temporary adoptive placement pending his release from prison, an option unacceptable to potential adoptive parents. The permanent neglect petition was filed in October 1996.

Family Court properly found that the child is permanently neglected. Petitioner established by clear and convincing evidence that respondent failed to plan for the future of the child notwithstanding its diligent efforts to strengthen and nurture the parent-child relationship (*see, Matter of Gregory B.,* 74 NY2d 77, 86; *Matter of Sasha R.,* 246 AD2d 1; *cf., Matter of Latasha F.,* 251 AD2d 1008).

The court did not err in denying respondent's request for an adjournment of the dispositional hearing. Respondent offered no proof at the dispositional hearing, which was scheduled six weeks after the fact-finding order was entered, and petitioner and the Law Guardian relied on proof from the fact-finding hearing. Respondent sought the adjournment in the hope that an unnamed relative might possibly be interested in the child. Thus, the court did not abuse its discretion in denying the adjournment (*cf., Matter of Rasyn W.,* 254 AD2d 827). (Appeal from Order of Erie County Family Court, Mix, J.—Terminate Parental Rights.) Present—Pine, J. P., Wisner, Pigott, Jr., Callahan and Fallon, JJ.