OPINION OF THE COURT
Philip C. Segal, J.
In this child protective proceeding (see, Family Ct Act art *555 10), petitioner Commissioner of Social Services moves for summary judgment (CPLR 3212; see, Matter of Suffolk County Dept. of Social Servs. [Michael V.] v James M., 83 NY2d 178 [1994]) declaring that respondent Pamela F.’s youngest child, Mikayla B., born on January 23, 1998, is a neglected child. As follows, the court finds that triable issues of fact exist and petitioner’s motion should be denied.
This child protective proceeding seeks a derivative finding that respondent neglected an “after-born” child (see, e.g., Matter of Brian W., 199 AD2d 1021 [4th Dept 1993]; Matter of Cruz, 121 AD2d 901 [1st Dept 1986]). Specifically, petitioner contends that Mikayla is neglected based upon respondent’s 1995 guilty plea to having recklessly endangered the life of her oldest child, Mikayla’s half-sister, Amber, by violently shaking the seven-month-old infant, causing permanent brain damage and blindness (see, People v Pamela F., docket No. 95K081448, Sup Ct, Kings County). Respondent’s conviction in Supreme Court constituted conclusive proof of neglect and abuse and thereby supported summary judgment in the Family Court proceeding concerning Amber precisely because it was . based upon the same set of facts (see, Matter of Jimmy A., 218 AD2d 734 [2d Dept 1995]; Family Ct Act § 1046 [a] [i]).
However, unlike the prior proceeding, respondent has now raised material issues of fact with regard to whether her parenting abilities are still impaired. Respondent contends that her attendance at psychotherapy sessions for more than one year and her completion of a parenting skills class have succeeded in correcting the parental deficiencies and impaired judgment she demonstrated with regard to Amber. It is, therefore, improper to make a finding of neglect when respondent contends that her parental failings have been properly diagnosed and successfully treated. (See, e.g., Matter of H. Children, 156 AD2d 520 [2d Dept 1989]; Matter of Baby Girl S., 174 Misc 2d 682, 687 [Family Ct 1997].)
Accordingly, petitioner’s motion is denied and a fact-finding hearing will be scheduled forthwith to determine whether Mikayla B. is a neglected child under Family Court Act § 1051.