Matter of Jennifer K. (2005 NY Slip Op 50284(U))

[*1]

Matter of Jennifer K.

2005 NY Slip Op 50284(U)

Decided on January 18, 2005

Family Court, Richmond County

Porzio, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 18, 2005

Family Court, Richmond County
In the Matter of Jennifer K., Christopher K., April K., and Kimberly K., Children Under Eighteen Years of Age Alleged to be Neglected by Lillian K. and Michael K., Respondents.
NN-XXX-X/XX

Ralph J. Porzio, J.
PROCEDURAL HISTORY
On November 19, 2003 the Administration for Childrens Services (hereinafter referred to as ACS) filed a petition against Lillian K. (hereinafter referred to as Respondent Mother) and Michael K. (hereinafter referred to as Respondent Father). The petition alleged that the Respondents had neglected their children, Kimberly, date of birth January 7, 1990, and Christopher, date of birth August 7, 1991, by failing to provide them with a proper education. Further, the petition alleged that Kimberly requires intensive therapy and that the Respondents have failed to provide her with the needed therapy. Respondent Mother and Respondent Father were each assigned counsel.
The children were paroled to the Respondents on November 19, 2003 with the condition that they attend school regularly.
On January 9, 2003 ACS filed an amended petition regarding Kimberly and Michael alleging that the Respondents' home was filthy and infested with roaches and rats. ACS also filed a new petition regarding the children April, date of birth April 13, 1995, and Jennifer, date of birth August 23, 1987. In addition to the original allegations, the petition also alleged that due to excessive absences and lateness April had been held over in school and that the Respondents had failed to provide adequate or safe housing for the children.
On January 9, 2004 the Respondents appeared with counsel. Pursuant to Family Court Act 1027 [FN1] a hearing was held to determine whether the children's interests required protection. After the [*2]hearing the children were remanded to the care of ACS.
On January 30, 2004 this Court accepted Respondents' Family Court Act 1051(a)[FN2] application and findings of neglect were entered against the Respondents.
On March 1, 2004, after a dispositional hearing, the children were placed with ACS for up to 12 months effective March 1, 2004.
Pursuant to the Order of Disposition dated March 1, 2004 the Respondents were to cooperate with ACS and agency services, referrals and supervision, visit regularly, plan for the return of the children, maintain adequate housing, maintain adequate source of income, complete parenting skills, comply with family counseling, and comply with a psychological evaluation and any subsequent referrals.
On June 2, 2004 this Court ordered, on consent, unsupervised, overnight visitation to commence June 4, 2004 from Friday evenings to Sunday evenings. Further, this Court ordered, effective July 2, 2004, a trial discharge of the children to the Respondents with ACS supervision. The matter was adjourned to July 16, 2004 for post dispositional monitoring.
On July 16, 2004 a report from the Mental Health Association of New York City, Inc. was submitted and made part of the court record. The report recommended further substance abuse treatment supports for the Respondent Father and also recommended the immediate implementation of close monitoring of the family by ACS or Prevention Services. The matter was adjourned for further post dispositional monitoring and to determine whether the matter could be converted to an ACS release under 12 month supervision.
On October 19, 2004 the trial discharge orders as to Kimberly and Christopher were vacated and the children were placed with ACS.
On November 26, 2004 a warrant was ordered for Kimberly and Christopher. The Respondents were ordered to produce Christopher in court on November 30, 2004 at 9:00 am. The warrants were vacated later that day upon the return of the children.
On November 30, 2004 the Respondents appeared each with counsel. After a hearing the dispositional order was modified. Kimberly and Christopher were placed with ACS for placement with either a residential treatment center or a residential treatment facility for up to 12 months effective November 30, 2004. April's supervision was extended for 12 months effective November 30, 2004.
FACTS
On November 30, 2004 testimony was taken by Respondent Father, Respondent Mother, Monica H., an ACS case worker, Sarah W., an agency case worker for Seaman's Society, and Scott [*3]E., Attendance Teacher with the New York City Department of Education.
Ms. Monica H. testified that the Respondent Mother and the Respondent Father have failed to provide the children with any supervision, structure or rules. She testified that the children do what they want. Ms. Monica H. testified that although April, age 9, attends the public elementary school located directly across the street from her home and is "doing okay in school"( Tr. 11/30/04, p. 15, l. 15-16), Jennifer, age 17, does not attend school and has failed eight out of nine classes.
Ms. Monica H. testified that the Respondents are unemployed. Further, each time she visits the home the Respondent Father is on the couch watching television and the Respondent Mother is either in the kitchen or on the couch with the Respondent Father.
Ms. Monica H. stated that while in placement Christopher would return to the Respondents' home. Although Christopher would be at the home, the Respondent Mother would not notify the foster mother. She further stated that she had discussed with the Respondents the need for Christopher to remain in placement.
Finally, Ms. Monica H. testified that the family is living in a new three story townhouse provided through a housing subsidy.
Scott E., the attendance teacher at IS 49, testified that Kimberly, age 14, and Christopher, age 13, are registered at IS 49. Additionally, Mr. Scott E. testified that as of November 24, 2004 the child Christopher had missed 22 days of school out of 47. As of November 22, 2004 Kimberly had missed 41 days of school out of 47.
When questioned whether home schooling may be an option Mr. Scott E. responded, "Absolutely not." Tr. 11/30/04, p.32, l. 23. He explained that the children had previously been home schooled and it did not work out. When questioned why he believed the children were not attending school he responded, "Probably because they could see that without going to school or doing what you are suppose to do, you can get a new house. You can rent out some place for a Sweet 16 all on the tax payer's money. What would be their motivation to attend school on a daily basis by the example set for them by their family..." Tr. 11/30/04, p. 33, ll. 11-18.
This Court called the Respondent Father to testify. The Respondent Father testified that part of the reason the Respondent Mother allowed Kimberly and Christopher to stay home from school was because she suffers from separation anxiety due to the death of their older son, Daniel. When questioned whether the Respondent Father felt that Kimberly and Christopher were beyond his control he responded, "No. Well, I say half and half, yeah, Your Honor. There is nothing physically I can do with you are not allowed to do nothing. What I able to do, I don't believe it is good enough." Tr. 11/30/04, p. 39, ll. 2-6. Respondent Father further testified that if the children do not follow curfew he would file a PINS [FN3] petition.
This Court also called the Respondent Mother to testify. The Respondent Mother testified that she starts waking the children up at 6:00 am and that is takes one-half hour to wake them up. She stated that the children need to be in school by 7:25 am and that the school is almost 15 minutes from home.
The Respondent Mother testified that she had told Ms. Sarah W., the agency worker, that Kimberly and Christopher should be placed in therapeutic foster homes. She testified that Kimberly has not been going to school since she was a toddler and that Christopher started giving her problems [*4]in August, 2002.
The Respondent Mother testified that she understood the importance of education and that she realized that her children were close to being so far gone that it will affect their lives forever. When questioned as to whether or not she believed Kimberly and Christopher's behavior was setting a bad example for their younger sister April, she responded, "April is her own person. She is not your average nine year old. She is well mature beyond her years." TR. 11/30/04, p.49, ll.8-11.
Upon the conclusion of the hearing ACS requested that the Order of Disposition be modified and that Kimberly and Christopher be placed in their care and custody. The Respondents and the Law Guardian opposed this application.
 ISSUE PRESENTED
This Court determined the following issue: 1) whether the March 1, 2004 Order of Disposition wherein Kimberly and Christopher were released to the Respondents should be modified placing the children with ACS with the implementation of a service plan. 
DISCUSSION
Family Court Act § 1061 provides that, for good cause shown and due notice, the court, sua sponte, "may modify or vacate any order issued in the course of a proceeding under this article." Family Court Act § 1061. 
Family Court Act § 1052 provides that the court shall, at the conclusion of a dispositional hearing, enter an order either suspending judgment, releasing the child to the custody of his/her parents, placing the child, issuing an order of protection, or placing the respondent under supervision. Family Court Act § 1052.
A dispositional hearing must be held wherein the court should inquire into the capacities of the parent(s) to properly supervise the children based on current investigations and reports. In the Matter of Debra VV, 52 AD2d 960 (3rd Dept. 1976). Furthermore, consideration must be given to the conduct of the parent(s) and other factors that arose after the filing of the petition. In re Darlene, 28 NY2d 391. 
A hearing was held on November 30, 2004 allowing each party an opportunity to present their position to this Court. It is undisputed that Christopher was absent on approximately one-half of school days and that Kimberly has missed all but seven days of school in three months. The Respondent Mother acknowledges that her children need help and would benefit from a therapeutic setting. The Respondent Father acknowledges that he cannot offer the children what they need. Particularly disturbing is the Respondents complete inability to supervise and help their children. Rather than provide the much needed services Kimberly and Christopher require, the Respondents essentially do nothing.
This Court strongly considered the positions of the parties. Although the Law Guardian stressed Kimberly and Christopher's desire to remain with the Respondents, this Court finds that it is in their best interest to be placed in either a residential treatment facility or a residential treatment center. By the Respondent Mother's own admission Kimberly and Christopher have been acting out and missing school for years. Yet, the Respondents have failed to provide the necessary services to help their children. Further, the Respondent Mother stated that April is mature enough to be her own person and not be influenced by her older siblings. However, April is nine years old and however [*5]mature the Respondent Mother may feel she is, her siblings' behavior sets a bad example for her and will ultimately negatively impact this child.
Finally, the Respondents have failed to satisfactorily cooperate with ACS. Since the findings of neglect were entered Christopher and Kimberly have fled their foster homes and returned to the Respondents. The Respondents have failed to advise ACS or the foster mother.
For the above reasons, this Court finds that it is in the best interests of Kimberly and Christopher to be placed with ACS for a period of up to 12 months commencing November 30, 2004.
FINDINGS
1.)This Court finds that it is in the best interests of Kimberly and Christopher to be placed with ACS for a period of up to 12 months commencing November 30, 2004.
2.)Kimberly and Christopher are to be placed in either a residential treatment center or residential treatment facility.
3.)Supervision of April is extended for 12 months effective November 30, 2004. 
DECISION
This Court finds that it is in the best interests of the children Kimberly and Christopher to be placed in a residential treatment facility or a residential treatment center with ACS for a period up to 12 months. Supervision of April is extended for 12 months effective November 30, 2004.
This constitutes the decision and order of the Court.
Dated: Staten Island, New YorkE N T E R:
 January 18, 2005
RALPH J. PORZIO
Family Court Judge
Footnotes

Footnote 1:In any case involving abuse or in any case where the child has been removed without court order, the family court shall hold a hearing as soon as practicable after the filing of a petition to determine whether the child's interests require protection pending a final order of disposition. In any such case, any person originating a proceeding under this article shall, or the law guardian may apply for, or the court on its own motion may order, a hearing at any time after the petition is filed to determine whether the child's interests require protection pending a final order of disposition. In any other case under this article, any person originating a proceeding under this article or the law guardian may apply for, or the court on its own motion may order, a hearing at any time after the petition is filed to determine whether the child's interests require protection pending a final order of disposition. Notice of the hearing shall be provided pursuant to section one thousand twenty-three of this act. Family Court Act § 1027 (a) 

Footnote 2:If facts sufficient to sustain the petition are established in accord with part four of this article, or if all parties and the law guardian consent, the court shall, subject to the provisions of subdivision ) of this section, enter an order finding that the child is an abused child or a neglected child and shall state the grounds for the finding. Family Court Act § 1051(a) 

Footnote 3:Persons in Need of Supervision.