■ In the Matter of GISELLE H. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LAURA H., Respondent.

LEGAL AID SOCIETY OF SUFFOLK COUNTY, Nonparty Appellant.
[804 NYS2d 323]—

In a neglect proceeding pursuant to Family Court Act article 10, the Law Guardian appeals, as limited by its brief, from so much of an order of disposition of the Family Court, Suffolk County (Sweeney, J.), entered March 11, 2005, as, upon a fact-finding order of the same court entered January 31, 2005, made after a fact-finding hearing, finding that the mother had neglected the child, and after a dispositional hearing, returned the child to the custody of the mother.

Ordered, that the order is reversed insofar as appealed from, on the law and the facts, without costs and disbursements, and the matter is remitted to the Family Court, Suffolk County, for a new dispositional hearing and determination in accordance herewith.

The petitioner, the Suffolk County Department of Social Services (hereinafter the DSS), commenced this neglect proceeding against the mother based upon allegations that she placed the child in imminent risk of harm by consuming alcoholic beverages to the point of intoxication while the child was in her sole care and supervision. While dining at a restaurant with the child, the mother became intoxicated, exhibited bizarre behavior and made irrational, delusional and hostile statements to other patrons and the police. The mother was arrested on a variety of criminal charges after she assaulted two patrons who attempted to stop her from driving off in her automobile with the child as a passenger. At the police station the mother tried to squeeze out of her cell through the food tray opening, was yelling and using foul language, and directed racial and ethnic epithets at the police officers.

After the mother's release from jail and a hearing pursuant to Family Court Act § 1028, the child was placed in the care of a relative and the mother given supervised visitation at a DSS facility. Following a fact-finding hearing, the Family Court made a finding of neglect based upon the evidence that the mother was intoxicated and about to operate her automobile without the child being buckled in a car seat and denied so much of the petition as based the allegation of neglect on the ground of mental illness. After a dispositional hearing, the Family Court returned

the child to the custody of the mother on the condition that the mother undergo a substance abuse evaluation and comply with any treatment recommendations made therein. The Law Guardian appealed and by decision and order on motion dated March 23, 2005, this Court stayed the order of disposition pending this appeal.

We agree with the Law Guardian that the respondent should be required to undergo complete substance abuse and psychiatric evaluations before the child is returned to her custody. At the dispositional hearing, Dr. Thomas Troiano testified that as a psychiatrist at the Suffolk County Jail, he was asked to conduct an assessment of the respondent. Dr. Troiano performed an initial psychiatric screening, spending some 15 to 20 minutes with the respondent and observed that she had a suspicious and guarded demeanor, her speech was sparse, there was no spontaneous conversation from her, and some of her responses were "odd." His provisional diagnosis was non-specific paranoia but, without a full comprehensive evaluation, he was unable to determine if her statements were truly delusional or overvalued thinking resulting from her incarceration. Kimberly Sodergren, a DSS caseworker, testified that the respondent had made no progress in resolving the issues that had resulted in the child's removal, that respondent continued to exhibit disturbing behavior during three of the supervised visits, and appeared on one occasion to be intoxicated.

The child's best interest is the paramount concern at a dispositional hearing and there is no presumption that those interests will be best served by a return to the parent (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). In this regard, the relevant inquiry concerns the mother's capacity to properly supervise the child and the potential for future neglect based on current information (*see Matter of Commissioner of Social Servs. of City of N.Y. [Trudy I]. v Leona W.*, 192 AD2d 602 [1993]; *Matter of Katrina W.*, 171 AD2d 250 [1991], *cert denied sub nom. Roslyn W. v Suffolk County Dept. of Social Servs.*, 506 US 876 [1992]). Before a disposition was made, the Family Court should have conducted a complete and current evaluation of the respondent, including her conduct after the commencement of the neglect proceeding, and comprehensive substance abuse and psychiatric evaluations (*see Matter of Brian W.*, 199 AD2d 1021 [1993]). We find that the Family Court's determination failed to sufficiently consider the respondent's bizarre behavior at the restaurant, police station, and during the supervised visits with the child. Accordingly, the order of disposition should be reversed and the matter remitted to the Family Court, Suffolk

County, for further proceedings consistent herewith. Schmidt, J.P., S. Miller, Santucci and Skelos, JJ., concur.