■ In the Matter of the Estate of LUCILLE KOHUT, Deceased. WILLIAM KOHUT, Respondent; VINCENT GALASSO, Appellant.—In a proceeding for the judicial settlement of the account of the executor of the estate of Lucille Kohut, the executor, Vincent Galasso, appeals, as limited by his brief, from so much of an order of the Surrogate's Court, Richmond County (D'Arrigo, S.), dated August 5, 1986, as upon finding that the objectant William Kohut has a valid right of election against the will of the decedent, held that the trust agreement between Lucille Kohut and Vincent Galasso, dated April 12, 1983, is a testamentary substitute for the purposes of calculating the objectant surviving spouse's elective share.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the principal of the subject trust shall not be included in the estate for purposes of calculating the surviving spouse's elective share.

The facts herein are not in dispute. On April 12, 1983, Lucille Kohut executed a trust agreement, wherein Vincent Galasso, Esq., was named as trustee. The trust provided the grantor with the income therefrom during her lifetime, and upon her death, the beneficiaries would be her children and grandchildren. Lucille Kohut died on October 14, 1984, and Vincent Galasso, Esq., was subsequently qualified as the executor of her estate. In the course of the administration of the estate, a notice of election was filed on behalf of William Kohut (the decedent's surviving spouse), wherein Mr. Kohut gave notice of his intention to exercise his right of election against the will pursuant to EPTL 5-1.1 (c).

The executor subsequently filed his accounting for the period from October 14, 1984 to August 31, 1985. On November 6, 1985, Mr. Kohut filed objections to the accounting. Mr. Kohut objected for several reasons, one of which included the fact that the principal of the trust, valued at $197,980.16 together with interest, was not included in the calculation of the estate against which his elective share would be determined.

The parties stipulated that Mr. Kohut was entitled to the statutorily defined elective share, but submitted their respective arguments to the Surrogate concerning the issue of whether or not the trust principal should be included in the calculation of the estate. The Surrogate then concluded that the trust agreement was a testamentary substitute under EPTL 5-1.1 (b) (1) (E), which required its inclusion in the calculation of the estate for the purpose of the election against the will by the objectant. This appeal ensued.

The controlling statute in this case is EPTL 5-1.1 (b) (1) (E). This section provides that an inter vivos disposition will be treated as a testamentary substitute for the purpose of election by the surviving spouse if the: "disposition of property made by the decedent after August thirty-first, nineteen hundred sixty-six, in trust or otherwise, to the extent that the decedent at the date of his death retained, either alone or in conjunction with another person, by the express provisions of the disposing instrument, a power to revoke such disposition or a power to consume, invade or dispose of the principal thereof".

The Surrogate concluded that the trust agreement was a testamentary substitute based on the power of invasion of the principal of the trust given to the grantor under article VII of the trust agreement. As the executor correctly notes, however, the Surrogate did not focus his attention on the pertinent moment in time as required by the statute, i.e., the date of the decedent's death. Article VII (A) of the trust agreement does provide a power of invasion with respect to any contribution to the trust estate (including the original transfer in trust); however, pursuant to article VII (C) of the trust, that power lapses 30 days after receipt of notice from the trustee of the contribution. Thus, as noted by the executor, Mrs. Kohut's power to invade the principal of the trust with respect to her original contribution of April 12, 1983 (which was the only contribution to the trust) expired on May 12, 1983, well before the date of her death. While the objectant argues that the trustee never gave Mrs. Kohut formal notice of her own initial

contribution and, therefore, the 30-day period never began to run, it is clear that formal notice with respect to contributions to the trust was intended to be given only to persons other than the one making the actual contribution to the trust, who also had a power to invade the trust principal. It is beyond doubt that Mrs. Kohut had actual knowledge of her initial contribution to the trust, and that in signing the agreement she was aware that the power to invade would lapse 30 days after she made the contribution, to wit, on May 12, 1983. Thus, Mrs. Kohut did not possess the power to invade the trust at the date of her death, and, therefore, the subject trust should not be held to be a testamentary substitute for the purpose of election by the objectant. Thompson, J. P., Weinstein, Rubin and Harwood, JJ., concur.