■ In the Matter of NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of KIMBERLY S., Respondent, v DENISE S., Respondent, and WAYNE S., Appellant.—In a child neglect and abuse proceeding pursuant to Family Court Act article 10, the father appeals from so much of an order of disposition of the Family Court, Nassau County (De Maro, J.), entered February 9, 1989, as, upon a fact finding order of the same court, dated June 16, 1988, which, after a hearing, found that the child had been abused by him, barred the father from having any contact with his daughter until she reaches the age of 18 years.

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements, and without prejudice to the appellant moving in the Family Court, Nassau County, for visitation with his daughter, if he be so advised.

At bar, the child had made out-of-court statements indicating that her father had sexually abused her. Such statements may properly be used to establish a prima facie case of abuse when sufficiently corroborated (Family Ct Act § 1046 [a] [vi]). Corroboration can take the form of "validation testimony" of experts regarding their investigations of the underlying complaints *(Matter of Linda K.,* 132 AD2d 149, 157; *see also, Matter of Nicole V.,* 123 AD2d 97, *affd* 71 NY2d 112), which testimony, if "highly credible" *(see, Matter of E. M.,* 137 Misc

2d 197, 204), is sufficient corroboration to make out a prima facie case of sexual abuse *(see, Matter of Linda K., supra,* at 158-159, 160; *see also, Matter of E. M., supra,* at 198).

Upon our review of the record, we find that the validation testimony adduced herein sufficiently corroborated the child's out-of-court statements and that the Family Court's finding of abuse is supported by a preponderance of the evidence adduced at the fact-finding hearing *(see, Matter of Nicole V.,* 71 NY2d 112, 117, *supra; Matter of Tammie Z.,* 66 NY2d 1, 3).

The order precludes the father from having any contact with his daughter until she reaches the age of 18 years. The order further provides that the father may apply for a modification of the order in six months, upon his demonstration that he has entered a sex offender treatment program. This court has previously upheld an order of protection of such extended duration where the order was subject to modification upon application by the father, upon a showing that the resumption of visitation would not be detrimental to the child *(see, Matter of Erin G.,* 139 AD2d 737, 739-740). Since the order at bar is similarly subject to modification upon proper application by the father, we do not consider it unduly harsh.

We have reviewed the appellant's remaining contentions and find that none warrants disturbing the provisions of the order appealed from. Thompson, J. P., Brown, Miller and O'Brien, JJ., concur.