■ In the Matter of NICHOLE B. KEMPLETON N., SR., Respondent-Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant-Respondent; LENORE GITTIS, Appellant.—In a child protective proceeding pursuant to Family Court Act article 10, the Commissioner of Social Services of the City of New York appeals, and the Law Guardian for the child separately appeals, from an order of disposition of the Family Court, Kings County (Palmer, J.), dated March 6, 1991, which, upon a fact-finding order dated September 12, 1990, made after a hearing, inter alia, finding that Kempleton N., Sr., had sexually abused the child Nichole B., inter alia, permitted Kempleton N., Sr., to return to the family home. Kempleton N., Sr., appeals from the fact-finding order dated September 12, 1990.

Ordered that the appeal from the fact-finding order dated September 12, 1990, is dismissed, without costs or disbursements, as that order was superseded by the order of disposition dated March 6, 1991 (see, Matter of Linda K., 132 AD2d 149); and it is further,

Ordered that the order of disposition is modified by deleting therefrom the provision permitting Kempleton N., Sr., to return to the family home, and adding thereto a provision excluding Kempleton N., Sr., from the family home for a period of one year; as so modified, the order of disposition is affirmed, without costs or disbursements.

We find that the Family Court's finding that Kempleton N., Sr., had sexually abused the child Nichole B. is supported by a preponderance of the evidence adduced at the fact-finding hearing (see, Matter of Nicole V., 71 NY2d 112, 117; Matter of Tammie Z., 66 NY2d 1, 3).

The Family Court's determination to allow Kempleton N., Sr., to return to the family home did not sufficiently account for the best interests of the abused child (see, Matter of Star Leslie W., 63 NY2d 136, 147; Matter of Valerie Leonice T., 107 AD2d 327). The testimony adduced at the dispositional hearing revealed that the child's mother did not believe that Kempleton N., Sr., abused her daughter, despite the daughter's earlier testimony at the fact-finding hearing detailing repeated occasions of sexual abuse by him, and the opinion of a child abuse expert that the child's reports of the abuse had not been fabricated. A social worker also testified that she did

not know whether the child's mother would protect her from further abuse.

In such circumstances, where there has been a finding of sexual abuse, the "safer course" is not to return the child to the abusive parent *(Matter of Zariyasta S.,* 158 AD2d 45, 47, quoting *Matter of Ruth McI.,* 140 AD2d 255). Since we find that it would not be in the child's best interests to live with Kempleton N., Sr., prior to his engaging in therapy, we modify the dispositional order to exclude Kempleton N., Sr., from the home for a one-year period, during which time he must undergo a course of therapy in accordance with the remainder of the dispositional order. Thompson, J. P., Lawrence, Balletta and O'Brien, JJ., concur.