■ In the Matter of JOHN S. LILLIS R., Appellant. (Pro-

ceeding No. 1.) In the Matter of JESSICA F. LILLIS R., Appellant. (Proceeding No. 2.) In the Matter of LUZ S. LILLIS R., Appellant. (Proceeding No. 3.)—In three child protective proceedings pursuant to Family Court Act article 10, the mother appeals from three dispositional orders of the Family Court, Queens County (Schindler, J.), all dated February 8, 1989, which, upon three fact-finding orders of the same court, all dated February 8, 1989, determining that her three children were neglected, made after a hearing, placed two of the children, John S., and Jessica F., under the supervision of the Commissioner of Social Services, and placed the third child, Luz S., in the custody of the Commissioner of Social Services, all for a period of 18 months.

Ordered that the dispositional orders are reversed, on the law, without costs or disbursements, the fact-finding orders regarding John and Jessica are vacated, and the neglect petitions regarding John and Jessica are dismissed.

Under the circumstances of this case, we agree with the concession of the Commissioner of Social Services that the finding that the teenager Luz S. was subjected to excessive corporal punishment at the hands of her mother was insufficient to support a finding that Luz' siblings were neglected by the mother (see, Matter of Maria A., 118 AD2d 641; cf., Matter of James P., 137 AD2d 461; Matter of Cruz, 121 AD2d 901; Matter of Christina Maria C., 89 AD2d 855). That being the only basis upon which the findings of neglect as to John and Jessica were entered, those findings are vacated, and the neglect petitions as to them are dismissed.

However, we do not accept the Commissioner's concession regarding the sufficiency of the evidence to support the finding of neglect as to Luz. In fact, on this record we question the wisdom of such a concession, particularly since the mother does not contend that the evidence adduced is legally insufficient. Nevertheless, reversal of the dispositional order with respect to Luz is required because the mother was denied due process when, in her absence, the Family Court reached a disposition without conducting a statutorily required dispositional hearing (see, Family Ct Act § 1047), and without giving the mother an adequate opportunity to offer evidence regarding the capacity of the relevant parties to take care of Luz (see, Matter of Delon S. [Commissioner of Social Servs.], 149 AD2d 349; Matter of Faith AA., 139 AD2d 22, 25; Matter of Marsha B. F., 110 AD2d 549; Matter of Hanson, 51 AD2d 696). Since Luz has now reached 18 years of age, and therefore can no longer be considered a neglected child (see, Family Ct Act

§ 1012 [f]), and since the Commissioner did not seek to retain custody of Luz after the expiration of the 18-month period provided for in the dispositional order, it is unnecessary to remit the matter for a proper dispositional hearing. Kunzeman, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.