■ In the Matter of SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of MICHAEL V. and Another, Children Alleged to be Abused or Neglected, Respondent, v JAMES M., Appellant.—In a child protective proceeding pursuant to Family Court Act article 10, the father appeals, as limited by his notices of appeal and brief, from (1) an order of the Family Court, Suffolk County (Snellenburg, J.), entered February 28, 1991, as amended November 6, 1991, which granted the motion of the Suffolk County Department of Social Services for summary judgment as to the findings of fact, declaring the child Nicholas to be an abused child and the child Michael to be a neglected child, and (2) a dispositional order of the same court, entered March 14, 1991, which directed the appellant to "have no contact whatsoever" with the children.

Ordered that the appeals from the order entered February 28, 1991, as amended November 6, 1991, is dismissed, without costs or disbursements, as superseded by the order of disposition entered March 14, 1991 (see, Matter of Nichole B., 175 AD2d 205; Matter of Linda K., 132 AD2d 149); and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

In the instant proceeding, the Suffolk County Department of Social Services (hereinafter DSS) alleged that the appellant abused his stepchildren Nicholas and Michael. The basis of these charges was information obtained with the aid of the Suffolk County District Attorney's office, which had secured an indictment against the appellant charging him with multiple counts of sodomy in the first degree and sexual abuse in

the first degree. Following a jury trial, the appellant was convicted of multiple counts of sodomy in the first degree, based upon charges that he repeatedly forced Nicholas to perform oral sex upon him, and that he placed Nicholas's penis in his mouth. The appellant was sentenced to concurrent indeterminate terms of 12-½ to 25 years imprisonment for those crimes. This judgment of conviction has since been affirmed by this Court.

Upon the appellant's conviction in the County Court, the DSS moved for summary judgment in the instant proceeding, arguing, *inter alia,* that his conviction for acts of sodomy perpetrated against Nicholas was conclusive proof of the allegations of abuse pending before the Family Court. Furthermore, the DSS moved for summary judgment as to Michael, alleging that the appellant's abuse of Nicholas established that Michael was a neglected child *(see,* Family Ct Act § 1046 [a] [i]).

The Family Court granted the DSS's motion, and also issued an order of protection prohibiting the appellant from committing acts of physical violence against the children, and directing him to remain away from the children's home. By dispositional order dated March 14, 1991, the Family Court directed the appellant to have "no contact whatsoever with the children * * * including no telephone contact and no written communication of any kind".

Contrary to the appellant's contentions, we find that the Family Court properly awarded summary judgment to DSS on the issue of whether the children were abused and/or neglected. The appellant was convicted in County Court of multiple counts of sodomy against Nicholas. The same conduct was alleged in the abuse petition filed in regard to Nicholas. The appellant's criminal conviction is conclusive proof as to the finding that Nicholas is an abused child *(see, Matter of Rosie B.,* 154 AD2d 900; *Matter of Denise J.,* 133 AD2d 687; *Matter of Princess CC.,* 120 AD2d 917). The appellant raised no genuine factual issues in opposition to the summary judgment motion. Thus, summary judgment was properly granted to the petitioner *(see, Matter of Lambert,* 119 Misc 2d 326; *see also, Matter of JLP,* 774 P2d 624 [Wyo]; *People in Interest of S.B.,* 742 P2d 935 [Colo]). Moreover, under the circumstances of this case, the finding that the appellant sexually abused Nicholas likewise supported a summary determination that Michael was a neglected child *(see,* Family Ct Act § 1046 [a] [i]; *Matter of C. Children,* 183 AD2d 767; *Matter of Jose Y.,* 177 AD2d 580; *Matter of Lynelle W.,* 177 AD2d 1008; *Matter of P.*

*Children,* 172 AD2d 839; *Matter of Ely P.,* 167 AD2d 473; *Matter of Christina Maria C.,* 89 AD2d 855).

There is similarly no merit to the appellant's claims that the Family Court's dispositional order is infirm because no dispositional hearing was held. The court was within its authority to direct the appellant to have no contact with Nicholas and Michael during the entire period of their infancy *(see, Matter of Nassau County Dept. of Social Servs. v Denise S.,* 173 AD2d 830), and, as a practical matter, since the appellant will be incarcerated until after each of the children reach majority, the dispositional order is largely superfluous in any event. Although we recognize the weight of authority holding that a dispositional hearing must be held prior to the rendition of a dispositional order *(see, Matter of John S.,* 175 AD2d 207; *Matter of Delon S.,* 149 AD2d 349; *Matter of Marsha B.F.,* 110 AD2d 549; *Matter of Debbie W.,* 81 AD2d 642; *Matter of Debra VV,* 52 AD2d 960; *Matter of Toni "WW",* 52 AD2d 108; *cf., Matter of Katrina W.,* 171 AD2d 250; *Schneider v Schneider,* 127 AD2d 491, *affd sub nom. Paul P.S. v Pamela J.S.,* 70 NY2d 739), under the peculiar facts of this case, including the undeniable fact of the appellant's continuing incarceration, the failure to hold a useless hearing should not invalidate an otherwise appropriate dispositional order. Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.