■ In the Matter of the Estate of DOROTHY A. REYNOLDS, Deceased. JOHN W. BAKER et al., as Coexecutors of DOROTHY A. REYNOLDS, Deceased, Appellants-Respondents; WILLIAM A. REYNOLDS, Respondent-Appellant. [626 NYS2d 603] —Decree modified on the law and as modified affirmed without costs in accordance with the following Memorandum: The Surrogate

properly concluded that decedent, in transferring assets into an irrevocable trust and in changing the beneficiary designation on her Keough plan, did not make gifts *causa mortis (see,* EPTL 5-1.1 [b] [1] [A]). Objectant failed to demonstrate by clear and convincing evidence that decedent made those transfers in apprehension of impending death from a present illness *(see, Matter of Kelsey,* 29 AD2d 450, 456, *affd* 26 NY2d 792; *see also,* 62 NY Jur 2d, Gifts, §§ 58-62).

The Surrogate erred in concluding that the irrevocable trust was a testamentary substitute pursuant to EPTL 5-1.1 (b) (1) (E). The Surrogate held that, by retaining the right to substitute beneficiaries, decedent retained the right to dispose of the principal within the meaning of that statute. We disagree. By the terms of the trust agreement, the transfer of assets was irrevocable and only the trustees had the power, in their sole discretion, to invade the principal. Although decedent retained the right to change the beneficiary designation, she irrevocably relinquished the right to appoint either herself or her estate as a beneficiary. That distinguishes this case from *Matter of De Vita* (141 AD2d 46), relied upon by the Surrogate.

In any event, decedent's right to change beneficiaries extended only until the termination of the trust, which, by the terms of the trust agreement, occurred one day prior to decedent's death. Thus, decedent did not retain the power to change beneficiaries "at the date of [her] death", as required by EPTL 5-1.1 (b) (1) (E) *(see, Matter of Kohut,* 133 AD2d 687, 688-689). Finally, we affirm the award by the Surrogate of fees to the attorneys for the estate.

All concur except Lawton, J., who dissents in part in the following Memorandum.

Lawton, J. (dissenting). I respectfully dissent in part. EPTL 5-1.1 is remedial and should be interpreted to expand and protect the rights of a surviving spouse. The majority's holding defeats that express legislative intent.

I do not agree with the majority that the facts in this case are sufficiently distinguishable from those in *Matter of De Vita* (141 AD2d 46) to require a different result. The trust provided that the income from the trust "together with such sums from the trust principal as the Trustees, in their sole and absolute discretion, deem appropriate" be paid to decedent. That right of invasion of both interest and principal, together with the right of decedent to change beneficiaries, renders the trust a testamentary substitute under EPTL 5-1.1 (b) (1) (E) *(see, Matter of Riefberg,* 58 NY2d 134). That decedent relinquished

the right to appoint as a beneficiary of the trust either herself or her estate is not controlling. Applicable to the present case are the words of the Court of Appeals in *Matter of Riefberg (supra,* at 141), wherein the Court stated: "[T]he agreement here was the means by which the decedent not only controlled the beneficial enjoyment of the property right at stake, but stripped the estate of assets which should have been subject to [her] surviving spouse's right to [his] elective share."

Furthermore, the trust's termination date, viz., "the day before my death", is illusory in that no one knows the date of one's death. Absent an earlier cognizable termination date, the language of the trust must be regarded as allowing decedent to retain the power to change beneficiaries "at the date of [her] death" within the meaning of EPTL 5-1.1 (b) (1) (E). The majority's reliance upon *Matter of Kohut* (133 AD2d 687) is misplaced because the time to terminate the trust in *Kohut* was readily ascertainable and was in no way related to the death of the grantor.

I concur with the majority's holding that objectant failed to demonstrate by clear and convincing evidence that decedent made the transfer in apprehension of impending death. (Appeals from Decree of Onondaga County Surrogate's Court, Wells, S.—Judicial Settlement.) Present—Denman, P. J., Lawton, Wesley, Doerr and Boehm, JJ.