◼ In the Matter of CHILD PROTECTION SERVICES, on Behalf of MICHAEL V. and Another, Children Alleged to be Abused and Neglected, Respondent, v JAMES M., Appellant. [631 NYS2d 750] —In a child protective proceeding pursuant to Family Court Act article 10, James M. appeals from (1) an order of protection of the Family Court, Suffolk County (Snellenburg, J.), entered June 23, 1994, which, upon a fact-finding order of the same court entered February 28, 1991, as amended November 6, 1991, finding the child Nicholas V. to be abused and the child Michael V. to be neglected, directed that the appellant have "no contact or communication whatsoever with the children" and (2) an order of the same court entered March 6, 1995, which denied his motion pursuant to Family Court Act § 1042 to vacate the order of protection entered June 23, 1994.

Ordered that the order of protection is reversed, on the law, without costs or disbursements, and the matter is remitted for a dispositional hearing before a different Judge; and it is further,

Ordered that the appeal from the order entered March 6, 1995, is dismissed as academic, without costs or disbursements.

The facts underlying these appeals are recounted in the prior decisions and orders rendered in this case (see, Matter of Suffolk County Dept. of Social Servs. v James M., 188 AD2d 603, affd 83 NY2d 178). On the instant appeals, the appellant stepfather contends that the order of protection entered June 23, 1994, must be reversed because the Family Court failed to hold the dispositional hearing ordered by the Court of Appeals (see, Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, supra). We must agree.

Because the appellant, who had been convicted of sodomizing Nicholas, was to be incarcerated beyond both childrens' 18th birthdays, the Family Court initially dispensed with the holding of a dispositional hearing prior to issuing an order of protection dated March 14, 1991, pursuant to which the appellant was to have no contact whatsoever with the children. On the appeal therefrom, we affirmed, recognizing that, while a dispositional hearing is generally required prior to the issuance of a dispositional order, given the unique facts of this case, the failure to hold a hearing was not reversible error (see, Matter of Suffolk County Dept. of Social Servs. v James M., 188 AD2d 603, supra). The Court of Appeals, however, disagreed,

holding, *inter alia,* "[b]y dispensing with a dispositional hearing, Family Court limited its ability to make an informed judgment as to the need for alternative or additional dispositional remedies in the children's best interests * * * A dispositional hearing might have disclosed, for example, the children's need for further intervention through an order of supervision of the parent in whose custody they were released, subject to conditions entailing the provision of rehabilitative or other therapeutic services" *(Matter of Suffolk County Dept. of Social Servs. v James M., supra,* 83 NY2d, at 183). The Court of Appeals remitted the matter to the Family Court to hold a dispositional hearing.

On remittitur, the Family Court solicited written suggestions from the parties as to potential dispositional alternatives. It then convened a hearing at which neither the appellant nor his court-appointed attorney were present. Consistent with the tenor of its decision of June 10, 1994, when the court questioned the wisdom of the decision of the Court of Appeals' as to the need for a dispositional hearing, the court announced that it was "going to dispense with the dispositional hearing, under the circumstances" and reissued an order of protection, once again barring the appellant from having any contact with the children. This was error.

The Court of Appeals remitted the matter for a dispositional hearing. Its opinion identified potential issues to be explored at that hearing. A permanent order of protection may well be an appropriate dispositional order. Indeed, we affirmed the earlier order of protection notwithstanding the court's previous failure to hold a hearing. However, the Court of Appeals indicated that the purposes of a dispositional hearing included consideration of other potentially appropriate dispositional alternatives which might better provide for the care, rehabilitation, and protection of the children who had been found to have been abused and neglected. The Family Court simply lacked the discretion to ignore a direct order of this State's highest Court.

Accordingly, we remit this matter to the Family Court, Suffolk County, to hold the required dispositional hearing to consider the relevant areas of inquiry that remain. For example, the record of the prior appeal suggests that the children's mother was reluctant to believe that the appellant had committed the acts of which he was convicted and an earlier order of protection was apparently necessary to compel her to refrain from taking the children to visit the appellant in jail. The record is silent as to the current status of the boys

and their mother. The only evidence in the record as to the childrens' status is the letter sent to the court by the Law Guardian, which represented that they had completed therapy and had been discharged from further counseling. At a minimum, the court should have requested a report from the childrens' therapists attesting to their status. In the event that prior neglect proceedings involving the mother, under different docket numbers, reflected the court's full consideration of dispositional alternatives, then the court should have so indicated. In any event, a careful, current assessment of the childrens' condition and needs must be made. Therefore, we remit this matter to the Family Court, Suffolk County, where we expect that the court will comply with these appellate directives. Miller, J. P., O'Brien, Ritter and Goldstein, JJ., concur.