■ In the Matter of ANTHONY R. CRAIG R., Appellant; DEPARTMENT OF SOCIAL SERVICES, Respondent. [657 NYS2d 209] —In a proceeding pursuant to the Family Court Act article 6 and Social Services Law § 384-b, to terminate parental rights, the father appeals from a dispositional order of the Family Court, Rockland County (Slobod, J.), dated March 9, 1995, which, after fact-finding and dispositional hearings, adjudicated the child to be permanently neglected and terminated his parental rights. The appeal brings up for review the fact-finding determination dated January 25, 1995.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the father's contention, the Department of Social Services presented clear and convincing evidence that he failed to cooperate with the agency in planning for his son's future while he was incarcerated (Social Services Law § 384-b [3] [g]; [7] [c]). The father was aware that one of the penalties for committing infractions while incarcerated was that he would become ineligible to participate in rehabilitation programs which the agency recommended as part of his plan to be reunited with his child. Nevertheless, he repeatedly committed infractions, over a period of more than one year, for which penalties were imposed. Under the circumstances, the father failed to make appropriate plans for the future of his child, and the court acted properly in adjudicating the child to be permanently neglected and in terminating the father's parental rights (see, Social Services Law § 384-b [7] [a], [c]).

Also contrary to the father's contention, it was unnecessary for the court to elicit evidence of the agency's diligent efforts to reunite the father with the child, since Social Services Law § 384-b (7) (e) (ii) provides that evidence of the diligent efforts of the agency shall not be required when, as here, an incarcerated parent has failed on more than one occasion while incarcerated to cooperate with an authorized agency in its efforts to assist such parent to plan for the future of the child.

The defendant's remaining contentions are either unpreserved for appellate review (CPLR 4017; see, Matter of McGee v Korman, 70 NY2d 225, 231; see also, DeLong v County of Erie, 60 NY2d 296, 306) or without merit. Rosenblatt, J. P., Thompson, Pizzuto and Friedmann, JJ., concur.