■ In the Matter of ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of EDWARD L., Respondent. RANDOLPH L., Appellant. [673 NYS2d 205] —In a proceeding pursuant to Social Services Law § 384-b and Family Court Act article 6 to terminate parental rights on the basis of permanent neglect, the father appeals from an order of disposition of the Family Court, Orange County (Bivona, J.), entered January 13, 1997, which, after a fact-finding hearing, inter alia, terminated his parental rights.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Orange County, for a dispositional hearing in accordance herewith. The Family Court's findings of fact are affirmed.

The evidence adduced at the fact-finding hearing clearly and convincingly established that the father had permanently neglected his son by failing to plan for his future for a period of more than one year, notwithstanding the diligent efforts of the petitioner (see, Social Services Law § 384-b [7] [a]; Matter of Gregory B., 74 NY2d 77; Matter of Anthony R., 239 AD2d 586). Nevertheless, the matter must be remitted.

It was reversible error for the Family Court to dispense with a dispositional hearing in the absence of the consent of the parties (see, Family Ct Act § 631; Matter of Shavonda GG., 232 AD2d 780, 782; Matter of Verquan B., 225 AD2d 1062; Matter of Westchester County Dept. of Social Servs. [Thomas DeWayne W.], 207 AD2d 496; Matter of Casondra W., 184 AD2d 1070; Matter of Jessica UU., 174 AD2d 98; Matter of Rosa B., 161 AD2d 1152; Matter of Loretta OO., 114 AD2d 648; Matter of Amber W., 105 AD2d 888, 891-892). At the conclusion of the fact-finding hearing, the Assistant County Attorney asked the court how it intended to proceed and the court replied that it would render a dispositional order without holding a separate dispositional hearing. Neither the Law Guardian nor the attorney for the father consented to this. Since there was no specific waiver of the otherwise statutorily-required hearing, the court's dispositional order is improper and the matter must be remitted for a dispositional hearing (see also, Matter of Department of Social Servs. [Scott M.], 237 AD2d 603; Matter of Jessica FF., 211 AD2d 948; Matter of Brian W., 199 AD2d 1021). Bracken, J. P., Miller, O'Brien and Copertino, JJ., concur.