■ In the Matter of AMANDA B., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES OF CITY OF NEW YORK, Respondent; HOWARD N. et al., Respondents. MONICA DRINANE, Nonparty Appellant. (Proceeding No. 1.) In

the Matter of JUSTIN N., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES OF CITY OF NEW YORK, Respondent; HOWARD N. et al., Respondents. MONICA DRINANE, Nonparty Appellant. (Proceeding No. 2.) In the Matter of PAUL N., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES OF CITY OF NEW YORK, Respondent; HOWARD N. et al., Respondents. MONICA DRINANE, Nonparty Appellant. (Proceeding No. 3.) In the Matter of MATTHEW B., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES OF CITY OF NEW YORK, Respondent; HOWARD N. et al., Respondents. MONICA DRINANE, Nonparty Appellant. (Proceeding No. 4.) [731 NYS2d 661] —In four related child protective proceedings pursuant to Family Court Act article 10, the Law Guardian appeals from stated portions of four orders of fact-finding and disposition (one paper as to each child) of the Family Court, Queens County (Bogacz, J.), all dated January 3, 2001, which, upon the father's consent, in effect, to a finding that he neglected the subject children, *inter alia*, released the children to the custody of the mother without holding a dispositional hearing.

Ordered that the orders of fact-finding and disposition are reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for further proceedings consistent herewith.

The Family Court erred in failing to hold a dispositional hearing. "The Family Court Act directs that a dispositional hearing be held as a condition precedent to the entry of a dispositional order" (*Matter of Suffolk County Dept. of Social Servs. [Michael V.] v James M.*, 83 NY2d 178, 183; *see,* Family Ct Act § 1052 [a]; *Matter of Jeffrey M.*, 226 AD2d 1114). The failure to hold a dispositional hearing limited the Family Court's ability to make an informed judgment as to the need for alternative or additional dispositional remedies in the best interests of the children (*see,* Family Ct Act §§ 1045, 1047, 1052 [a]; *Matter of Suffolk County Dept. of Social Servs. [Michael V.] v James M., supra; Matter of Lewis T.,* 249 AD2d 646, 647; *Matter of Scott M. v Janna C.,* 237 AD2d 603, 605).

Accordingly, the matter is remitted to the Family Court, Queens County, to hold a dispositional hearing and for a new disposition (*see, Matter of Suffolk County Dept. of Social Servs. [Michael V.] v James M., supra; Matter of Orange County Dept. of Social Servs. [Edward L.],* 250 AD2d 853). Ritter, J. P., Goldstein, Florio and Townes, JJ., concur.