■ In the Matter of SELENA L. and Others, Children Alleged to be Neglected. DAN C., Appellant; COMMISSIONER OF THE

ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, et al., Respondent. [734 NYS2d 123] —Orders, Family Court, New York County (Jody Adams, J.), entered on or about May 27, 1999, which, based specifically on findings of neglect in earlier hearings, placed three of the children (Althea, Elizabeth and Matthew) in the custody of the Commissioner of the Administration for Children's Services for a period of 12 months, denied any visitation rights to either respondent with respect to Elizabeth, and to the extent that it further adopted recommendations of an investigatory report which included a direction that respondent-appellant comply with and complete a treatment program for adult sex offenders, unanimously modified, on the law, to eliminate the requirement that said respondent presently undergo treatment for sex offenders, and otherwise affirmed, without costs.

Judge Sheldon Rand presided over fact-finding hearings in 1997-1998 which resulted in a finding of neglect against respondents with respect to the four children, then ranging in age from 7 to 16, based upon evidence of unsafe and unsanitary living conditions, inadequate nutrition, and occasional confinement of the children in a closet. Respondent-appellant, the putative father, had a serious alcohol problem, and there was testimony that during his episodes of intoxication he may have "improperly touched" Elizabeth, who slept in bed between her parents, while her mother took no action to prevent such occurrences. At the conclusion of hearings, Judge Rand found neglect based on improper supervision, but indicated that he was "not convinced by a preponderance of the evidence that the allegations against the respondent's [sic] concerning sexual abuse occurred." In his written order on April 13, 1998, Judge Rand repeated his finding of neglect against both parents (based, inter alia, on improper supervision), specifically found that respondent-appellant had improperly touched Elizabeth while he was possibly under the influence of alcohol, and directed an investigation and report.

Judge Adams subsequently replaced Judge Rand for the dispositional hearings. It should be noted that the only direct evidence of sexual abuse—leaving aside, for the moment, the credibility of such evidence—was the previous allegation by the then-five-year-old Elizabeth that appellant had fondled her vagina, exposed himself to her, and engaged her mother in sexual intercourse in the child's presence. Appellant vehemently denied any sexual impropriety, exhibitionism or molestation of his children. The investigatory report submitted to Judge Adams did not further develop this allegation of sexual

abuse, but nevertheless included, among 11 listed recommendations, that "Respondent Fa[ther] * * * comply with and complete treatment for adult sexual offenders." In the May 1999 dispositional order that is now under appeal, Judge Adams made no further mention of the allegation of sexual abuse, although she did adopt "all recommendations of the I&R."

There was no basis, in this record, for directing appellant to undergo a course of treatment for sex offenders. The Family Court has the authority to order a sex-offender evaluation in order to determine appellant's proclivities toward such activity. However, in the absence of any judicial finding of sexual abuse, appellant cannot be forced to undergo such a course of treatment (see, Matter of Charlene TT., 217 AD2d 274), which would generally include a requirement—as a prerequisite to completion—that the subject acknowledge having engaged in such activity. The fact-finding court made a specific determination that there was insufficient evidence of sexual abuse, and nothing in the proceedings before the dispositional court altered that determination. Accordingly, such a course of treatment cannot be ordered at this time, on this record.

We have reviewed appellant's remaining challenge to the dispositional order and find it to be without merit. Concur—Tom, J. P., Andrias, Wallach and Buckley, JJ.