■ In the Matter of JOSEPH B. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; RONY B., Appellant. (Proceeding No. 1.) In the Matter of JULIE B. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; RONY B., Appellant. (Proceeding No. 2.) [774 NYS2d 822]—

In two related child protective proceedings pursuant to Family Court Act article 10, the father appeals, as limited by his brief, from so much of two orders of fact-finding and disposition (one as to each child) of the Family Court, Queens County (Free-

man, J.), both dated March 6, 1997, as, upon a fact-finding determination that the children were sexually abused, released the children to the custody of the mother without holding a dispositional hearing.

Ordered that the appeal from the order of fact-finding and disposition in the proceeding concerning Julie B. is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of fact-finding and disposition concerning Joseph B. is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for further proceedings consistent herewith.

The father was charged in these child protective proceedings with the sexual abuse of his daughter, Julie B., and his son, Joseph B. While the fact-finding hearing was pending, the father was convicted of criminal charges based on the same conduct. The Family Court determined that the father was collaterally estopped from contesting the allegations in the petitions, based on his criminal conviction, and determined that the children were abused. The Family Court did not hold a dispositional hearing prior to issuing orders of fact-finding and disposition releasing the children to their mother's custody. The court directed that the father have no contact with the children until they were 18 years old. On appeal, the father's sole contention is that the Family Court erred in failing to hold a dispositional hearing.

The appeal from the order of fact-finding and disposition concerning Julie B. must be dismissed as academic. The order directing the father to have no contact with Julie B. until her 18th birthday has expired by its own terms, and the father has not appealed from so much of the order as determined that she was an abused child (cf., Matter of Dareth O., 304 AD2d 667 [2003]; Matter of Hannah H., 293 AD2d 540 [2002]). Since Julie B. is now over 18 years old, there is no need to remit the matter for further dispositional proceedings concerning her (see e.g. Matter of John S., 175 AD2d 207 [1991]). However, as Joseph B. is under 18 years of age, the appeal from the order of fact-finding and disposition concerning him is not academic.

The Family Court erred in issuing the order without first holding a dispositional hearing (see Matter of Suffolk County Dept. of Social Servs. [Michael V.] v James M., 83 NY2d 178 [1994]; Matter of Jonathan M., 295 AD2d 513 [2002]; Matter of Amanda B., 287 AD2d 561 [2001]; Family Ct Act §§ 1045, 1047, 1052 [a]). The Family Court should have considered, at a minimum, whether the petitioner was required to provide therapeu-

tic services to Joseph B., particularly in view of the report submitted to the court by his psychologist (*see Matter of Child Protection Servs. [Michael V.] v James M.*, 219 AD2d 713 [1995]). The Law Guardian's contention that the father impliedly consented to dispense with a dispositional hearing is without merit (*see Tylena S. v Darin J.*, 4 AD3d 568 [2004]; *Matter of Edward L.*, 250 AD2d 853 [1998]).

Accordingly, the matter must be remitted to the Family Court, Queens County, for a dispositional hearing with respect to Joseph B. H. Miller, J.P., Adams, Townes and Mastro, JJ., concur.