■ In the Matter of DANIEL W., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; BOBBIE W., Respondent, et al., Respondent. (Proceeding No. 1.) In the Matter of MICHAEL W., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; BOBBIE W., Respondent, et al., Respondent. (Proceeding No. 2.) In the Matter of ROBERT W., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; BOBBIE W., Respondent, et al., Respondent. (Proceeding No. 3.) In the Matter of CHEVELL W., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; BOBBIE W., Respondent, et al., Respondent. (Proceeding No. 4.) [831 NYS2d 244]—

In four related child protective proceedings pursuant to Family Court Act article 10, the Administration for Children's Services appeals, as limited by its brief, from so much of an order of the Family Court, Queens County (Salinitro, J.), dated June

13, 2006, as, after a fact-finding hearing, dismissed the petitions alleging that the subject children were derivatively abused by Bobbie W., based upon the sexual abuse of the child Kisshori W. by Bobbie W.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, the petitions alleging that the subject children were derivatively abused by Bobbie W., based upon the sexual abuse of the child Kisshori W. by Bobbie W., are granted, and the matters are remitted to the Family Court, Queens County, for a dispositional hearing in accordance herewith.

In this case, the conduct of the respondent, Bobbie W., the person legally responsible for the care of the subject children, demonstrated "such an impaired level of parental judgment so as to create a substantial risk of harm to any child in [his] care" (*Matter of Crystal Roxy Lynn D.*, 296 AD2d 408, 408 [2002]). The nature of the direct abuse of the child whom the Family Court found to be sexually abused, its duration, and the circumstances of its commission, evidence fundamental flaws in Bobbie W.'s understanding of the duties of parenthood, which require a finding that the subject children have been derivatively abused (*see Matter of Tiffany AA.*, 268 AD2d 818, 820 [2000]; *Matter of Amanda LL.*, 195 AD2d 708, 709 [1993]; *cf. Matter of Abigail S.*, 21 AD3d 380, 381 [2005]). Accordingly, the petitions should have been granted.

In remitting the matters to the Family Court, Queens County, for a dispositional hearing, we note that the dispositional hearing need only be held with respect to the children Robert W. and Chevell W., who are under the age of 18. Since the two other subject children, Daniel W. and Michael W., are now over 18 years old, they can no longer be considered derivatively abused children, and therefore, there is no need for a dispositional hearing with respect to them (*see* Family Ct Act § 1012 [e]; *Matter of Joseph B.*, 6 AD3d 609, 610 [2004]; *Matter of John S.*, 175 AD2d 207, 208-209 [1991]).

The parties' remaining contentions either need not be addressed in light of our determination or are without merit. Schmidt, J.P., Rivera, Covello and Balkin, JJ., concur.