■ In the Matter of Ty'Keith R., an Infant. Onondaga County Department of Social Services, Respondent; Byron R., Jr., Appellant. [846 NYS2d 489]—

Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered October 25, 2006 in a proceeding pursuant to Social Services Law § 384-b. The order adjudged that respondent's child is permanently neglected, terminated respondent's parental rights and committed the guardianship and custody of the child to petitioner.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order terminating his parental rights based on a finding of permanent neglect and committing the guardianship and custody of his child to petitioner. We reject the father's contention that petitioner failed to establish by clear and convincing evidence that it exercised diligent efforts to strengthen the parent-child relationship (see generally Matter of Sheila G., 61 NY2d 368, 373, 380-381 [1984]). In any event, pursuant to Social Services Law § 384-b (7) (e) (ii), petitioner was not required to present such evidence. The father contends that petitioner did not meet its burden of establishing that he failed to plan for his child's future while he was incarcerated, thus rendering that section applicable (see § 384-b [7] [c]). We reject that contention. Because the father was subjected to disciplinary confinement for committing infractions while incarcerated, he was ineligible to participate in rehabilitation programs that petitioner recommended as part of a plan to reunite him with the child. Family Court therefore properly found that the father permanently neglected his child (see § 384-b [7] [a], [c]; Matter of Anthony R., 239 AD2d 586 [1997], lv denied 90 NY2d 808 [1997]).

Finally, we reject the father's contention that the court erred in refusing to enter a suspended judgment and instead determined that the best interests of the child would be served by freeing him for adoption. The record establishes that the child "had no relationship with [the father], had bonded with [his] foster parent[s], and [was] in need of a stable, permanent solution" (Matter of Mark M., 267 AD2d 1045, 1046 [1999]; see generally Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). Present—Scudder, P.J., Hurlbutt, Smith, Fahey and Pine, JJ.