■ In the Matter of CAITLYN U. and Others, Children Alleged to be Abused and/or Neglected. ALBANY COUNTY DEPARTMENT FOR CHILDREN, YOUTH AND FAMILIES, Respondent; BRIAN V., Appellant. (Proceeding No. 1.) In the Matter of CAITLYN U. and Others, Children Alleged to be Abused and/or Neglected. ALBANY COUNTY DEPARTMENT FOR CHILDREN, YOUTH AND FAMILIES, Respondent; DIANE V., Appellant. (Proceeding No. 2.) [851 NYS2d 705]—

Rose, J. Appeals from two orders of the Family Court of Albany County (Walsh, J.), entered May 2, 2007, which granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 10, to adjudicate the subject children to be abused and/or neglected.

As described more fully in our decision of respondents' appeals from the fact-finding order in these proceedings (*Matter of Caitlyn U.*, 46 AD3d 1144 [2007]), petitioner commenced these proceedings against respondent Brian V., the stepfather of Caitlyn U. (born in 1992) and the father of her two younger sisters, and respondent Diane V., the mother of all three children, based on evidence that the stepfather had sexually abused Caitlyn and the mother failed to protect her from such abuse. Following the dispositional hearing and based on its prior findings of abuse and neglect, Family Court placed respondents under the supervision of petitioner for a period of one year, required the stepfather to complete sex offender treatment and ordered that respondents comply with orders of protection which preclude the stepfather from residing with the children, prohibit any contact with Caitlyn except in a therapeutic setting and require the mother to supervise the stepfather's visits with the other two children. Respondents appeal.

Given that Family Court found sexual abuse and that finding is supported by the evidence (*see id.*), the court had the authority to issue a dispositional order placing respondents under the supervision of petitioner and requiring the stepfather to complete sex offender treatment (*see* Family Ct Act §§ 1052, 1057; *Matter of Amanda SS.*, 284 AD2d 588, 589 [2001], *lv denied* 97 NY2d 606 [2001]; *Matter of Malinda V.*, 221 AD2d 549, 550 [1995], *lv denied* 87 NY2d 811 [1996]; 22 NYCRR 205.83 [a] [5]; [b] [l]). This is true regardless of whether the treatment program may require the stepfather to acknowledge that the sexual abuse occurred (*compare Matter of Selena L.*, 289 AD2d 35, 37 [2001]). Family Court's issuance of orders of protection also was authorized (*see* Family Ct Act § 1056), and we find no abuse of the court's discretion in effectively prohibiting the stepfather from residing with the children given that he has not acknowledged the past abuse, the mother still believes him to be innocent and she failed to protect Caitlyn from him when they resided together in the past (*see Matter of Catherine P.*, 269 AD2d 702, 703 [2000], *lv denied* 95 NY2d 751 [2000]; *Matter of Christopher O.*, 211 AD2d 980, 981 [1995]; *Matter of Nichole B.*, 175 AD2d 205, 205-206 [1991]). Nor was there an abuse of discretion in Family Court's denial of supervised visitation with Caitlyn without some additional assurance, such as the completion of sex offender treatment, that the stepfather would not pose a risk to Caitlyn's safety.

Mercure, J.P., Spain, Carpinello and Kavanagh, JJ., concur. Ordered that the orders are affirmed, without costs.