■ In the Matter of QUEEN E., a Child Alleged to be Neglected. NEW YORK CITY ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; ANDRE C., Respondent. (Proceeding No. 1.) In the Matter of PRECIOUS E., a Child Alleged to be Neglected. NEW YORK CITY ADMINISTRATION FOR CHILDREN'S SERVICES, Ap-

pellant; ANDRE C., Respondent. (Proceeding No. 2.) [876 NYS2d 438]—In two related child protective proceedings pursuant to Family Court Act article 10, the New York City Administration for Children's Services appeals from an order of the Family Court, Queens County (McGowan, J.), dated May 15, 2008, which denied its motion to extend, pending a dispositional hearing, a stay of enforcement of so much of an order of the same court dated May 13, 2008, as directed that the father have unsupervised visitation with the subject children, which was contained in that order, and for a dispositional hearing to ascertain whether such visitation was in the best interests of the subject children and, in effect, directed such visitation. By decision and order on motion of this Court dated May 30, 2008, enforcement of so much of the order dated May 13, 2008, as directed that the father have unsupervised visitation with the subject children was stayed pending hearing and determination of the appeal.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion to extend the stay pending a dispositional hearing is granted, and the matter is remitted to the Family Court, Queens County, to conduct a dispositional hearing to ascertain whether the father should have unsupervised visitation with the subject children.

We agree with the appellant that the May 13, 2008, proceedings in the Family Court did not constitute a dispositional hearing. Under the circumstances presented, prior to directing that the father have unsupervised visitation with the subject children, the Family Court should have conducted such a hearing to ascertain whether unsupervised visitation with the father was in the best interests of the children (*see* Family Ct Act §§ 1045, 1047, 1052 [a]; *Matter of Suffolk County Dept. of Social Servs. v James M.,* 83 NY2d 178, 183 [1994]; *Matter of Joseph B.,* 6 AD3d 609, 610-611 [2004]; *Matter of Orange County Dept. of Social Servs. [Randolph L.],* 250 AD2d 853 [1998]), and should have granted that branch of the appellant's motion which was to extend the Family Court's previously imposed stay of unsupervised visitation pending the dispositional determination. The matter must be remitted to the Family Court, Queens County, for a dispositional hearing. Rivera, J.P., Ritter, Miller and Belen, JJ., concur.