Matter of Lluvia G. (Bolivar G.G.) (2020 NY Slip Op 02663)





Matter of Lluvia G. (Bolivar G.G.)


2020 NY Slip Op 02663


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-13256
2018-13257
 (Docket Nos. N-2521-17, N-2522-17, N-2523-17, N-2524-17)

[*1]In the Matter of Lluvia G. (Anonymous). Administration for Children's Services, respondent; Bolivar G.G. (Anonymous), appellant. (Proceeding No. 1)
In the Matter Alvieriz G. (Anonymous). Administration for Children's Services, respondent; Bolivar G.G. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of Kenny G. (Anonymous). Administration for Children's Services, respondent; Bolivar G.G. (Anonymous), appellant. (Proceeding No. 3)
In the Matter of Ashley O.X. (Anonymous). Administration for Children's Services, respondent; Bolivar G.G. (Anonymous), appellant. (Proceeding No. 4)


Leighton M. Jackson, New York, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Aaron M. Bloom and MacKenzie Fillow of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell, Susan Clement, Mikos Theodule, and Jessica Bash of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, Bolivar G. G. appeals from (1) an order of fact-finding of the Family Court, Queens County (Diane Costanzo, J.), dated June 29, 2018, and (2) an order of disposition of the same court dated September 25, 2018. The order of fact-finding, upon the granting of the petitioner's motion for summary judgment on the petitions alleging, inter alia, that Bolivar G. G. derivatively abused the subject children, found that he derivatively abused the children. The order of disposition, upon the order of fact-finding and after a dispositional hearing, inter alia, released the subject children Lluvia G., Alvieriz G., and Kenny G. to the custody of their nonrespondent mother and released the subject child Ashley O. X. to the custody of her nonrespondent mother, without supervision.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is affirmed, without costs or disbursements.
Bolivar G. G. (hereinafter the appellant) is the biological father of the subject children Lluvia G., Alvieriz G., and Kenny G., who are all under the age of 18. He lived with those children and his wife, those children's mother, in Queens. He is also a person legally responsible for the subject child Ashley O. X., who is under the age of 18 and resided in the appellant's apartment. The appellant also rented a room in the apartment to a family with a seven-year-old daughter.
In January 2017, the Administration for Children's Services (hereinafter ACS) filed petitions pursuant to Family Court Act article 10 against the appellant. The petitions alleged that the appellant derivatively abused and/or neglected the subject children within the meaning of the Family Court Act when, in December 2016, under the guise of helping his tenants' seven-year-old child with her homework in the kitchen area of the shared apartment, the appellant pulled the child's pants down and touched her vagina. In connection with this incident, the appellant pleaded guilty to forcible touching (Penal Law § 130.52) and was sentenced to 60 days' imprisonment and three years' probation.
In March 2018, ACS moved for summary judgment on the petitions alleging that the appellant derivatively abused and/or neglected the subject children, based upon the appellant's conviction arising from the acts as alleged in the petitions, as well as his admissions regarding said acts in the Queens Criminal Court. The appellant opposed the motion. In an order dated June 29, 2018, the Family Court granted ACS's motion, finding that the evidence established that the appellant's conduct which led to his criminal conviction evinced impaired parental judgment so as to create a substantial risk of harm to any child in his care. In an order of fact-finding, also dated June 29, 2018, the court found that the subject children were derivatively abused by the appellant, based upon its determination in connection with ACS's summary judgment motion. In an order of disposition dated September 25, 2018, the court released Lluvia, Alvieriz, and Kenny to the custody of their nonrespondent mother and released Ashley to the custody of her nonrespondent mother, without supervision.
"While there is no express provision for a summary judgment procedure in a Family Court Act article 10 proceeding, summary judgment pursuant to CPLR 3212 may be granted when it has been clearly ascertained that there is no triable issue of fact outstanding" (Matter of Jaylhon C. [Candace C.], 170 AD3d 999, 1000-1001; see Family Ct Act § 165[a]; Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 182).
Here, through its submissions in support of its motion for summary judgment, including, but not limited to, the appellant's testimony in the criminal proceeding that he was guilty of forcibly touching a seven-year-old girl's vagina in the kitchen of the family home under the guise of helping the child with her homework, ACS established, prima facie, "a fundamental defect in the [appellant's] understanding of his parental duties relating to the care of children and demonstrated that his impulse control was so defective as to create a substantial risk of harm to any child in his care" (Matter of Angelica M. [Nugene A.], 107 AD3d 803, 804-805; see Family Ct Act §§ 1012[e][ii]; 1046[a][i]; see also Matter of Daniel W., 37 AD3d 842, 843). The appellant failed to raise a triable issue of fact in opposition.
The appellant's remaining contention is unpreserved for appellate review, and we decline to reach it in the exercise of our interest of justice jurisdiction.
MASTRO, J.P., MALTESE, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court