Matter of Davena A. (Christopher A.) (2024 NY Slip Op 05439)

Matter of Davena A. (Christopher A.)

2024 NY Slip Op 05439

Decided on November 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
LARA J. GENOVESI
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-07437
 (Docket Nos. N-1067-22, N-1068-22)

[*1]In the Matter of Davena A. (Anonymous). Administration for Children's Services, appellant; Christopher A. (Anonymous), respondent. (Proceeding No. 1)
In the Matter of Daenerys A. (Anonymous). Administration for Children's Services, appellant; Christopher A. (Anonymous), respondent. (Proceeding No. 2)

Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Rebecca L. Visgaitis and Eva L. Jerome of counsel), for appellant.
Francine Scotto, Staten Island, NY, for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Riti P. Singh of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Richmond County (Peter F. DeLizzo, J.), dated August 16, 2023. The order, after a fact-finding hearing, and upon a finding that the petitioner failed to establish that the father derivatively abused and neglected the subject children, Davena A. and Daenerys A., based on his sexual abuse of the child Hannah D., dismissed the petitions.
ORDERED that the order is reversed, on the law and the facts, without costs or disbursements, the petitions are reinstated, a finding is made that the father derivatively abused and neglected the subject children, Davena A. and Daenerys A., based on his sexual abuse of the child Hannah D., and the matters are remitted to the Family Court, Richmond County, for a dispositional hearing and a determination thereafter.
The petitioner, Administration for Children's Services (hereinafter ACS), commenced these related proceedings pursuant to Family Court Act article 10 alleging that the father derivatively abused and neglected his daughters (hereinafter the subject children) based upon his sexual abuse of his niece, Hannah D. After a fact-finding hearing, the Family Court determined that Hannah D. credibly testified to multiple instances of sexual abuse by the father, but the court dismissed the petitions alleging derivative abuse and neglect as to the subject children. In so doing, the court found that ACS had failed to establish a nexus between the father's abuse of Hannah D. and the alleged [*2]derivative abuse and neglect, as one of his daughters was not in proximity to the sexual abuse and the other daughter was not yet born at the time of the sexual abuse. ACS appeals. We reverse.
A finding of derivative abuse of one child does not, by itself, establish that other children in the household have been derivatively abused or neglected (see Matter of David P. [Elisa P.], 130 AD3d 739; Matter of Harmony M.E. [Andre C.], 121 AD3d 677; Matter of Jeremiah I.W. [Roger H.W.], 115 AD3d 967). In determining whether such a child should be adjudicated abused or neglected, the "determinative factor is whether, taking into account the nature of the conduct and any other pertinent considerations, the conduct which formed the basis for a finding of abuse or neglect as to one child is so proximate in time to the derivative proceedings that it can reasonably be concluded that the condition still exists" (Matter of Elijah O. [Marilyn O.], 83 AD3d 1076, 1077 [internal quotations marks omitted]). In such a case, "the condition is presumed to exist currently and the respondent has the burden of proving that the conduct or condition cannot reasonably be expected to exist currently or in the foreseeable future" (Matter of Jeremiah I.W. [Roger H.W.], 115 AD3d at 969 [internal quotation marks omitted]; see Matter of Jamarra S. [Jessica S.], 85 AD3d 803; Matter of Cruz, 121 AD2d 901).
In this case, a preponderance of the evidence supported a finding of derivative abuse and neglect. The nature of the father's direct abuse of Hannah D., the frequency of the father's acts, and the circumstances of the father's commission of the acts evidence fundamental flaws in the father's understanding of the duties of parenthood. In addition, the father's actions affirmatively created a substantial risk of physical injury which would likely cause impairment of the subject children's health within the meaning of Family Court Act § 1012 (e)(ii), thus requiring a finding that the subject children have been derivatively abused and neglected (see Matter of Lluvia G. [Bolivar G.G.], 183 AD3d 642; Matter of Daniel W., 37 AD3d 842; Matter of Amanda LL., 195 AD2d 708). The finding of derivative abuse and neglect is not undermined by the fact that at the time of the father's abuse of Hannah D., one of the subject children was an infant and the other had not yet been born (see Matter of Karime R. [Robin P.], 147 AD3d 439). The evidence demonstrates that the father's parental judgment and impulse control are so defective as to create a substantial risk to any child in his care (see Matter of Kylani R. [Kyreem B.], 93 AD3d 556). Moreover, the father failed to establish by a preponderance of the evidence that the condition cannot reasonably be expected to exist currently or in the foreseeable future (see Matter of Aryelle F. [Esperanza F.], 148 AD3d 1014; Matter of Dayyan J.L. [Autumn M.], 131 AD3d 1243). Accordingly, the Family Court should not have dismissed the petitions.
MALTESE, J.P., GENOVESI, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court